OPINION
{¶ 1} Plaintiffs-appellants, Elizabeth and David Armentrout, appeal the decision of the Butler County Court of Common Pleas to grant summary judgment against them on their claims related to their slip and fall complaint.[1]
 {¶ 2} Appellant was injured in 2002 when she fell on a sidewalk while walking from a store in a Miamisburg shopping center to her parked vehicle. As a result of her fall and injuries, appellant filed a personal injury action against defendants-appellees, New Plan Excel Realty Trust, Inc. ("New Plan"), owner of the shopping center, and Meyer's Garden Center and Landscaping, Inc. ("Meyer's Landscaping"), the company who performed the landscaping for the center.[2]
 {¶ 3} In her complaint, appellant alleged that she fell when she tripped over a raised piece of black vinyl edging installed on one side of a landscaped plant and mulch bed, which was located in front of certain storefronts of the shopping center. {¶ 4} Both New Plan and Meyer's Landscaping moved for summary judgment, which was granted by the trial court. Appellant appealed, setting forth one assignment of error.
 {¶ 5} Assignment of Error:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS ARMENTROUT IN GRANTING SUMMARY JUDGMENT TO APPELLEE NEW PLAN EXCEL REALTY TRUST, INC[.]"
 {¶ 7} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Daubenmire v. Sommers, 156 Ohio App.3d 322,2004-Ohio-914, ¶ 78.
 {¶ 8} No party disputes that appellant was a business invitee on the premises of the shopping center. An owner or occupier of a business owes its invitees a duty of ordinary care in maintaining the premises in a "reasonably safe condition" so that its customers are not exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 204. The owner of a premises is not an insurer for the safety of visitors who come upon his land. Id. at 203; Fawley v. Kings Island, Warren App. No. CA2004-01-012, 2004-Ohio-4312, ¶ 5-7.
 {¶ 9} The trial court found that the landscape edging on which appellant said she tripped was open and obvious. An owner is under no duty to protect an invitee from dangers that are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them. Paschal at 203-204.
 {¶ 10} Appellant testified in her deposition that she was neither distracted nor hurried, but she did not know where she was looking or what was around her feet just before her fall. Appellant asserts that the landscape edging was not open and obvious because the edging and the mulch in the landscaping bed were both black and difficult to discern, and her view was hampered by shadows shading the landscaping bed during the time of her fall. In other words, appellant argues that attendant circumstances prevented her from observing the landscape edging.
 {¶ 11} Attendant circumstances act as an exception that allows an injured party to avoid the prejudice of the open and obvious doctrine and involves distractions that would come to the pedestrian's attention under the same circumstances and reduce the degree of care an ordinary person would exercise at the time. McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 498-499. The attendant circumstances must divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. Id. at 499. Both circumstances contributing to and those reducing the risk of the defect must be considered. Id.[3]
 {¶ 12} After reviewing appellant's argument and applicable case law, and construing the evidence most favorably for appellant, we find no genuine issues of material fact exist regarding the open and obvious nature of the landscape edging. Reasonable minds could come to but one conclusion and that conclusion is adverse to appellant. Civ.R. 56.
 {¶ 13} Reasonable minds could only conclude that the black edging used along one side of the landscaping bed to separate the mulch bed from the brick pavers and concrete walkway was an open and obvious hazard from which New Plan may reasonably expect that appellant would discover and take appropriate action to protect herself. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Paschal at 204; cf. Lydicv. Lowe's Companies, Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10 (determinative issue is whether the condition is observable, even where plaintiff did not actually notice the condition until after she fell).
 {¶ 14} Further, reasonable minds could come to but one conclusion and that conclusion is adverse to appellant on the issue of whether the attendant circumstances she cited avoided the open and obvious doctrine. See Hess v. One Americana L.P., Franklin App. No. 01AP-1200, 2002-Ohio-1076 (where plaintiff claimed that sun over a car in parking lot created a shadow in front of her, court declined to find liability where defendants had no control over shadows caused by sun).
 {¶ 15} Accordingly, New Plan is entitled to summary judgment and the trial court did not err in that regard. Appellant's sole assignment of error is overruled.
 {¶ 16} Based upon the specific language of appellant's assignment of error, appellant only disputes the grant of summary judgment to New Plan. Since we have ruled upon the assignment of error as set forth on appeal, our review is concluded. See App.R. 12.
 {¶ 17} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.
[1] David Armentrout's claim is one for loss of consortium. Since most of the discussion will refer to Elizabeth Armentrout's actions, we will refer to appellants in the singular in this opinion.
[2] Appellant also named a health insurance plan and unnamed individuals as defendants in her complaint, but they are not part of this appeal.
[3] Appellant also offered the testimony of her expert that he observed and measured the landscape edging and determined that it was a tripping hazard.