OPINION
{¶ 1} Plaintiffs-appellants, Rodney Mack and Jonathan Caples, appeal the judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of Defendant-appellee, Ravenna Men's Civic Club. For the reasons that follow, we affirm the decision of the lower court.
 {¶ 2} On January 24, 2004, plaintiffs were guests of the Ravenna Men's Civic Club ("the club"), a social club located on State Route 44 in Ravenna, Ohio. Caples was a member of the club, and attended that evening with his girlfriend, Lakesha *Page 2 
Dukes, arriving at approximately 10:30 p.m., while Mack arrived unaccompanied at approximately 9:30 that evening. Mack, whose brother Jason is President of the club, regularly attended the club on weekends, at times for social reasons, and at other times to "help out." According to Mack's deposition testimony, the club does not charge admission to club members; however, it also will admit non-members if they pay an admission charge. An exception to this policy exists for special events, for which members are required to pay an admission charge. On the evening in question, the club was hosting a private birthday party and charged admission to both guests and members. The club was particularly crowded as a result.
 {¶ 3} Upon entering the club, members and guests are required to sign a register. The club has security staff stationed at the entrance, where male guests are patted down for weapons. Security staff also utilizes a hand-held metal detector device to check for weapons prior to admitting male and female guests. The deposition testimony of Mack, who had visited the club over 100 times, and Caples, who had attended on more than 10 occasions, indicates that these security measures are standard procedure for the club. However, Mack testified that the wand was not in use on the night in question.
 {¶ 4} Around 12:00 a.m. on January 25, 2004, two female patrons of the club became involved in a fight. Mack, along with his brother, other club officers, and the club's security personnel, separated the two women and began to escort them toward the door. One of the women fighting was the sister of LeShon Sanders, who was also in the club with his friend, Wrahsaan Berringer that night. In the ensuing commotion, other individuals, including Sanders and Berringer, were escorted from the club. *Page 3 
 {¶ 5} Shortly thereafter, Sanders burst through the doorway with a gun and fired it into the ceiling, which caused the remaining crowd inside the club to scatter. Mack's brother yelled at Sanders, calling him a "damn fool," asking him why he would do something like that and telling Sanders that he had "just signed his life over to the devil." As Sanders stood in the entrance, his companion, Berringer, burst through the doorway behind him and shot four or five rounds into the crowd. One bullet from Berringer's gun struck Mack in the left hand, while another struck Caples in the upper portion of his right arm.
 {¶ 6} As a result of the shooting, Mack and Caples filed a negligence complaint against the club on January 25, 2005. The complaint alleged that the club failed to exercise reasonable care for the protection of its patrons by failing to train and provide adequate security personnel.[1]
 {¶ 7} On March 10, 2006, after requesting and being granted leave to file, the club filed a motion for summary judgment. Appellants subsequently filed their response.
 {¶ 8} On April 18, 2006, the trial court granted summary judgment in favor of the club, and dismissed the complaint against Berringer for failure of service, pursuant to Civ.R. 3(A).
 {¶ 9} Appellants timely appealed, raising the following as their sole assigned error:
 {¶ 10} "The Trial court erred in granting Defendant's Motion for Summary Judgment on Plaintiffs' Complaint." *Page 4 
 {¶ 11} "Summary judgment is a procedural device to terminate litigation and to avoid a formal trial when there is nothing to try."Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-9. 1992-Ohio-95. Thus, summary judgment is proper when three conditions are satisfied: 1) there is no genuine issue of material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Mootispaw v.Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389; Harless v. Willis DayWarehousing Co., Inc. (1976), 54 Ohio St.2d 64, 66.
 {¶ 12} In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186 (citation omitted). Since a trial court's decision whether or not to grant summary judgment involves only questions of law, an appellate court conducts a de novo review of the trial court's judgment. Grafton v. Ohio EdisonCo. 77 Ohio St.3d 102, 105, 1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision.Brown v. Cty. Commrs. of Scioto Cty. (1993), 87 Ohio App.3d 704, 711
(citation omitted).
 {¶ 13} Appellants argue that the trial court erred in granting summary judgment, since there was evidence introduced, which, if viewed most favorably to them as the non-moving parties, establishes that the club failed in its duty to protect its members. In essence, appellants argue that since the club was aware that fights and disorderly *Page 5 
conduct had previously occurred on its premises, it knew or should have known that a shooting could take place. We disagree.
 {¶ 14} In order to sustain an actionable claim for negligence, the complaining party must establish (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting therefrom.Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,680, 1998-Ohio-602.
 {¶ 15} The existence of a duty is "a question of law for the court to decide on a case-by-case basis." Hickman v. Warehouse Beer Systems,Inc. (1993), 86 Ohio App.3d 271, 273 (citations omitted) (emphasis omitted).
 {¶ 16} An owner or operator of a business premises owes its invitees a "duty of ordinary care in maintaining the premises in a reasonably safe condition" so that its patrons will not be "unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203 (citation omitted). However, such business owner is not "an insurer of the customer's safety." Id.; Howard v.Rogers (1969), 19 Ohio St.2d 42, at paragraph two of the syllabus ("An occupier of the premises for business purposes is not an insurer of the safety of his business invitees while they are on those premises.").
 {¶ 17} "Generally, under Ohio law, there is no duty to prevent a third person from causing harm to another absent a special relation between the parties." Simpson v. Big Bear Stores Co., 73 Ohio St.3d 130, 133,1995-Ohio-203. A business owner and his invitee are considered a "special relationship" which may impose a duty on the property owner. Id. at 134. However, the duty of a business owner or occupier to warn or protect its business invitees from the criminal acts of third parties extends only to those *Page 6 
cases where "the business owner knows or should know that there is asubstantial risk of harm to its invitees on the premises in the possession and control of the business owner." Id. at syllabus (emphasis added). "Thus, where an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor."Howard, 19 Ohio St.2d at 47 (citations omitted). In other words, "the existence of a duty depends on the injury's foreseeability." Cole v.Pine Ridge Apts. Co., 11th Dist. No. 2000-L-020, 2001-Ohio-8788, 2001 Ohio App. LEXIS 5854, at *13 (citation omitted).
 {¶ 18} In general, Ohio appellate courts have adopted one of two tests to determine whether a criminal act by a third party is foreseeable. The "prior similar acts" test "focuses on the defendant's knowledge of past similar incidents," whereas the broader "`totality of the circumstances' test considers evidence of other criminal activity at or near the location of the business." Williams v. Prospect Mini Mart, 11th Dist. No. 2002-L-084, 2003-Ohio-2232, at ¶ 23 (citations omitted).
 {¶ 19} This court adheres to the "totality of the circumstances test" in determining foreseeability of a criminal act. Id., citing Collins v.Sabino (Aug. 8, 1997), 11th Dist. No. 96-T-5590, 1997 Ohio App. LEXIS 3587, at *7; Cole, 2001 Ohio App. LEXIS 5854, at *15-*16. In so doing, we recognized that "[t]he foreseeablility of criminal acts of third parties depends upon the knowledge of the business." Brake v. ComfortInn, 11th Dist. No. 2002-A-0006, 2002-Ohio-7167 at ¶ 16, citingSabino, 1997 Ohio App. LEXIS 3587, at *8. Moreover, any duty imposed is based upon the business owner's superior knowledge of a danger relative to that of his invitee. Koch v. Lind (1997), 121 Ohio App.3d 43, 53. *Page 7 
 {¶ 20} Thus, courts require that the totality of the circumstances be "somewhat overwhelming" before a business owner or operator will be held to be on notice of and under a duty to protect against the criminal acts of third parties. Williams, 2003-Ohio-2232, at ¶ 21; Gillotti v.Remedio, 11th Dist. No. 2002-T-0106, 2003-Ohio-5708, at ¶ 29;Sabino, 1997 Ohio App. LEXIS 3587, at *7; Brake, 2002-Ohio-7167, at ¶ 16; Rozzi v. Cafaro Co., 11th Dist. No. 2001-T-0090, 2002-Ohio-4817, at ¶ 28; Cole, 2001 Ohio App. LEXIS 5854, at *16; Collins v. Down RiverSpecialties, Inc. (1998), 128 Ohio App.3d 365, 368; Krause v. SpartanStores, Inc., 158 Ohio App.3d 304, 310. 2004-Ohio-4365; Reitz v. May Co.Dept. Stores (1990), 66 Ohio App.3d 188, 193-194.
 {¶ 21} In the case sub judice, our review of the "totality of the circumstances" reveals no evidence that the club knew, or should have known, that Sanders or Berringer would fire a gun at the club that evening.
 {¶ 22} Caples and Mack testified in their depositions that there had been occasional incidents of fighting around the club. Accepting this testimony as true, the fact that there was no evidence of a gun ever being fired during these prior altercations renders the shooting incident unforeseeable as a matter of law.
 {¶ 23} Despite appellants' assertions, the hearsay testimony of Caples stating that his brother Jeremiah had seen Sanders lift up his shirt and display the gun inside the club prior to the shooting, and Mack's testimony that Sanders "had been known to carry a gun," is irrelevant to the issues of foreseeability and duty. Appellants do not dispute that their injuries were caused by bullets from Berringer's gun and not the gun belonging to Sanders. There is no evidence that any officers or employees of the club became aware, or were ever made aware that Sanders was carrying a gun that night. *Page 8 
Assuming, arguendo, that the club's security personnel were able to detect Sanders' gun through the club's standard security measures, the club's knowledge would have been no greater than appellants as to this fact.
 {¶ 24} In addition, the testimony of Caples and Mack is merely speculative with regard to whether Berringer was in possession of a gun at any time prior to his re-entering the club. In the summary judgment context, "it is not permissible to draw an inference from a deduction which is itself purely speculative and unsupported by an established fact." Mahvi v. Stanley Builders, 11th Dist. No. 2004-G-2607,2005-Ohio-6581, at ¶ 28 (citation omitted).
 {¶ 25} We conclude that the club did not owe appellants a duty to protect them from the criminal acts of Sanders and Berringer. Appellants' sole assigned error is without merit
 {¶ 26} For the foregoing reasons, we affirm the judgment of the Portage County Court of Common Pleas granting summary judgment in favor of appellee, Ravenna Men's Civic Club.
COLLEEN MARY OTOOLE, J., concurs,
[1] Along with the club, the complaint also named Berringer as a defendant to the suit. However, none of the club's officers or employees were named as parties to the complaint. On January 25, 2006, the complaint was amended by defense counsel following depositions to allege that the club had actual or constructive notice that there was a reasonably foreseeable likelihood of disorderly conduct by third persons, and were negligent for failing to call the police in a timely manner. *Page 9