[Cite as *Vanderbilt v. Pier 27, L.L.C.*, 2013-Ohio-5205.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

AMY VANDERBILT, et al.,              :
                                                        CASE NO. CA2013-02-029
         Plaintiffs-Appellants,         :
                                                        O P I N I O N
                                                 :      11/25/2013
    - vs -
                                                 :

PIER 27, LLC, et al.,                     :

         Defendants-Appellee.         :


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-01-0344


Dennis C. Mahoney, 2200 Kroger Building, 1014 Vine Street, Cincinnati, Ohio 45202, for plaintiffs-appellants

Droder & Miller Co., L.P.A., Richard J. Rinear and W. John Sellins, 125 West Central Parkway, Cincinnati, Ohio 45202-1006, for defendant-appellee, Pier 27, LLC

Frost Brown Todd, LLC, Michael E. Nitardy, 7310 Turfway Road, Florence, Kentucky 41042, for defendant, Anthem Blue Cross & Blue Shield


         **S. POWELL, J.**

         {¶ 1}   Plaintiff-appellant, Amy Vanderbilt, appeals from the Butler County Court of

Common Pleas decision granting summary judgment in favor of defendant-appellee, Pier 27,

LLC.  For the reasons outlined below, we affirm.

         {¶ 2}   Pier 27, formerly known as "The Farm," was a restaurant and bar located in

Ross Township, Butler County, Ohio. Pier 27 consisted of an indoor and outdoor bar and seating area, as well as an outdoor stage, pavilion, volleyball court and fire pit. The fire pit was installed shortly after the restaurant was sold in 2000. The fire pit, which was subject to annual fire inspections, was made of brick and mortar arranged in a circle that measured approximately five feet in diameter with a height that came just below the knee that was encompassed by three benches. It is undisputed that Pier 27 held an open fire permit allowing it to operate the fire pit on the premises.

{¶ 3} On the evening of October 2, 2010, Vanderbilt went to Pier 27 to meet friends at a Ross High School alumni reunion. Vanderbilt had been to Pier 27 approximately seven to ten times before and knew the general layout of the area. While at Pier 27, Vanderbilt mingled with friends both inside and outside of the restaurant, during which time she consumed approximately three to four beers. As the evening progressed and the temperature began to drop, Vanderbilt decided to stand next to the fire pit for warmth. However, while standing next to the fire pit, Vanderbilt was inadvertently bumped or nudged by another patron, thereby causing her to lose her balance and fall into the fire pit. As a result of the fall, Vanderbilt suffered a broken right wrist, as well as third-degree burns on her hand.

{¶ 4} Vanderbilt, along with her husband William, subsequently filed a complaint against Pier 27 alleging claims of negligence and loss of consortium. The trial court, however, dismissed the complaint after granting Pier 27's motion for summary judgment. In so holding, the trial court found the fire pit was an open and obvious danger and that Pier 27 owed no duty of care to Vanderbilt. Vanderbilt now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 5} THE TRIAL COURT COMMITTED ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE PIER 27, LLC.

{¶ 6} In her single assignment of error, Vanderbilt argues the trial court erred by granting summary judgment to Pier 27. We disagree.

{¶ 7} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Moody v. Pilot Travel Ctrs., L.L.C.*, 12th Dist. Butler No. CA2011-07-041, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296, (8th Dist.1998). In applying the de novo standard, the appellate court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 8} Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249,

2002-Ohio-3730, ¶ 10.

{¶ 9} To recover on a claim for negligence, such as the case here, the plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) the breach of the duty proximately caused the plaintiff's injury. *Gentry v. Collins*, 12th Dist. Warren No. CA2012-06-048, 2013-Ohio-63, ¶ 13, citing *Wellman v. E. Ohio Gas Co.*, 160 Ohio St. 103, 108-109 (1953). The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. *Uhl v. Thomas*, 12th Dist. Butler No. CA2008-06-131, 2009-Ohio-196, ¶ 10. A determination of whether a duty exists is a question of law for the court to decide. *Williamson v. Geeting*, 12th Dist. Preble No. CA2011-09-011, 2012-Ohio-2849, ¶ 13, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

{¶ 10} It is undisputed that Vanderbilt was a business invitee of Pier 27 at the time of her injury. Generally, an owner or occupier of a business owes its invitees a duty of ordinary care in maintaining the premises in a "reasonably safe condition" so that its customers are not exposed to danger. *McQueen v. Kings Island*, 12th Dist. Warren No. CA2011-11-117, 2012-Ohio-3539, ¶ 10, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 204 (1985). "A business owner, however, is not an insurer of its customer's safety and owes no duty to protect customers from all conceivable dangers they may face while on the owner's premises." *Harman v. Meijer Stores Ltd. Partnership*, 12th Dist. Butler No. CA2010-03-065, 2010-Ohio-5311, ¶ 14. In turn although a landowner generally owes a duty to its customers, the open and obvious doctrine obviates this duty "and acts as a complete bar to any negligence claims." *Armstrong v. Best Buy Co.*, Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5. Thus, "[w]here the danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Id.* at ¶ 14.

{¶ 11} "In cases involving obvious and common conditions, such as fire, height, and

bodies of water, the law generally assumes that persons who encounter these conditions will take care to avoid any danger inherent in such condition." *Bucheleres v. Chicago Park Dist.*, 171 Ill.2d 435, 448 (1996); *see also* Restatement of the Law 2d, Torts (1965), Section 339, comment j ("[t]here are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large"). The rationale behind this rule is that the nature of the hazard serves as its own warning, and guests then have a corresponding duty to take reasonable precautions to avoid dangers that are patent or obvious. *Galinari v. Koop*, 12th Dist. Clermont No. CA2006-10-086, 2007-Ohio-4540, ¶ 12; *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶ 12} Yet, even then, the dangerous condition need not be actually observed by the claimant to be considered open and obvious. *Barnett v. Beazer Homes, L.L.C.*, 180 Ohio App.3d 272, 2008-Ohio-6756, ¶ 31-32 (12th Dist.). Instead, the determinative question is whether the condition was discoverable or discernible by one acting with ordinary care under the circumstances. *Packman v. Barton*, 12th Dist. Madison No. CA2009-03-009, 2009-Ohio-5282, ¶ 33; *French v. New Paris*, 12th Dist. Preble No. CA2010-05-008, 2011-Ohio-1309, ¶ 22. This "depends upon the particular circumstances surrounding the hazard." *Barnett* at ¶ 32, quoting *Olivier v. Leaf & Vine*, 2d Dist. Miami No. 2004 CA 35, 2005-Ohio-1910, ¶ 31; *Sack v. Skyline Chili, Inc.*, 12th Dist. Warren No. CA2002-09-101, 2003-Ohio-2226, ¶ 10. "Hazards that have been deemed open and obvious are those that are not concealed and are discoverable by ordinary inspection." *French* at ¶ 22, citing *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 50-51 (5th Dist.1989).

{¶ 13} Although acknowledging that fire is generally considered an open and obvious hazard, Vanderbilt argues the open and obvious doctrine does not apply to bar her negligence claim since the "fire pit was, without doubt, an 'unreasonably dangerous'

condition." To that end, Vanderbilt argues the open and obvious doctrine merely serves to eliminate her claim alleging a breach of the duty to warn, and not her claim that Pier 27 failed to maintain its premises in a reasonably safe condition. In support of this claim, Vanderbilt implores this court to adopt a New York appellate court's decision in *Westbrook v. WR Activities-Cabrera Markets*, 773 N.Y.S.2d 38, 42 (2010), which found "the open and obvious nature of a hazard merely negates the duty to *warn* of the hazard, not necessarily all duty to maintain premises in a reasonably safe condition." (Emphasis sic.)

{¶ 14} However, while New York case law may be informative, we are not bound by such decisions. Moreover, after an extensive review of applicable case law, we have not found any case in Ohio that holds the same. In fact, as the Ohio Supreme Court has repeatedly recognized, "[t]he open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes *no duty of care* to individuals lawfully on the premises." (Emphasis added.) *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 11, quoting *Armstrong*, 2003-Ohio-2573 at syllabus, approving and following *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968); *see also Rigdon v. Great Miami Valley YMCA*, 12th Dist. Butler No. CA2006-06-155, 2007-Ohio-1648, ¶ 13 (reiterating "the owner or occupier owes no duty of care to individuals lawfully on the premises" when the danger is open and obvious). As noted above, Ohio law provides that "when a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence *does not exist as a matter of law*." (Emphasis added.) *Id.*

{¶ 15} As an intermediate appellate court, we "cannot either overrule or modify the law as established by the Ohio Supreme Court but, rather, are duty bound to follow the law as pronounced by the Ohio Supreme Court, and must leave any desirable modification thereof to the Supreme Court." *McVey v. Terrell*, 10th Dist. Franklin No. 75AP-140, 1975 WL 181700, *3 (Sept. 9, 1975); *Hildebrandt Family Partnership v. Provident Bank*, 12th Dist.

Warren Nos. CA2009-06-077 and CA2009-06-084, 2010-Ohio-2712, ¶ 21 (stating "[w]e are bound to follow the dictates of common law as espoused by the Ohio Supreme Court"). Therefore, while New York may have adopted a different standard, we decline Vanderbilt's invitation to modify the now well-established principles advanced under the open and obvious doctrine as applied by the Ohio Supreme Court and appellate courts throughout this state.

{¶ 16} That said, after a thorough review of the record, we find the fire pit was an open and obvious danger to Vanderbilt. As the record indicates, the fire pit was made of brick and mortar arranged in a circle that measured approximately five feet in diameter with a height that came just below the knee that was encompassed by three benches. The record also contains several pictures wherein the fire pit was readily observable from the stage and outside bar area.

{¶ 17} Most significantly however, is the fact that Vanderbilt, who had been to Pier 27 between seven to ten times previously, was well aware of the fire pit located at Pier 27. In fact, as Vanderbilt specifically testified:

> Q: When you had been there on the occasions before the accident occurred, had you seen the area where the fire pit was located?
>
> A: Yes.

{¶ 18} In addition, Vanderbilt testified that just before the accident she "did walk over by the fire because we were trying to just get warm because it was cold." Vanderbilt also testified that she "only went up by the fire pit for a few minutes before this accident happened." "A fire is ipso facto dangerous, and presents a danger that is open and obvious, and not latent." *Hancock v. Aiken Mills*, 185 S.E.188, 194 (S.C.1936). Therefore, even when taking this evidence in a light most favorable to Vanderbilt, there is simply no question that the fire pit was an open and obvious danger to her and the other patrons at Pier 27 that evening.

{¶ 19} Nevertheless, Vanderbilt claims the open and obvious nature of the fire pit should not preclude her claim because the crowded conditions at Pier 27 constituted an attendant circumstance. Attendant circumstances are an exception to the open and obvious doctrine. *Colvin v. Kroger Co., Inc.*, 12th Dist. Madison No. CA2005-07-026, 2006-Ohio-1151, ¶ 15; *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498 (1st Dist.1998). Attendant circumstances are "distractions that contribute to an injury by diverting the attention of the injured party and reduce the degree of care an ordinary person would exercise at the time." *Galinari v. Koop*, 12th Dist. Clermont No. CA2006-10-086, 2007-Ohio-4540, ¶ 21; *Armentrout v. Meyer's Garden Ctr. & Landscaping, Inc.*, 12th Dist. Butler No. CA2004-12-315, 2005-Ohio-5901, ¶ 11. In turn, for this exception to apply, "[a]n attendant circumstance must divert the attention of the injured party, significantly enhance the danger of the defect, and contribute to the injury." *Forste v. Oakview Constr., Inc.*, 12th Dist. Warren No. CA2009-05-054, 2009-Ohio-5516, ¶ 22; *Isaacs v. Meijer*, Inc., 12th Dist. Clermont No. CA2005-10-098, 2006-Ohio-1439, ¶ 16. Attendant circumstances may include such things as the time of day, lack of familiarity with the route taken, and lighting conditions. *Hart v. Dockside Townhomes, Ltd.*, 12th Dist. Butler No. CA2000-11-222, 2001 WL 649763, *2 (June 11, 2001).

{¶ 20} We find nothing in the record to support Vanderbilt's claim that the crowded nature of the area surrounding the fire pit would constitute an attendant circumstance. While there is some evidence regarding the crowd of people at Pier 27 that evening, the record is completely devoid of any evidence indicating Vanderbilt was at all distracted by the crowd when she consciously decided to stand next to the fire pit in order to get warm on that chilly evening. Furthermore, this court, as well as other courts throughout the state, have already determined that the presence of a crowd of people does not constitute an attendant circumstance. *See, e.g., McQueen*, 2012-Ohio-3539 at ¶ 21-24 (finding people, attractions,

and atmosphere of amusement park were not attendant circumstances that obviated the open and obvious doctrine); *Bonner v. Glassman*, 8th Dist. Cuyahoga No. 96924, 2012-Ohio-86, ¶ 30-33 (finding circumstances such as foot traffic and noise within store were not attendant circumstances and did not preclude application of the open and obvious doctrine); *Cottrell v. El Castillo Grande Mexican Restaurant*, 9th Dist. Lorain No. 09CA009624, 2010-Ohio-815, ¶ 12 (finding sizable crowd gathered on steps outside restaurant did not constitute an attendant circumstance); *see also Hammond v. Cleveland*, 8th Dist. Cuyahoga No. 97174, 2012-Ohio-494, ¶ 17 (holding "the presence of a crowd in and of itself does not present issues of fact that necessitate resolution through trial").  Vanderbilt's claim otherwise is without merit and overruled.

{¶ 21} Finally, Vanderbilt claims the trial court erred by granting judgment to Pier 27 as a matter of law as it had a duty to control the crowd and supervise the patrons gathered around the fire pit that evening.  Generally, "[t]he existence of a business owners' duty to provide for the security of its patrons is a question of law for the court to decide on a case-by-case basis." *Keaton v. Gordon Biersch Brewery Restaurant Group, Inc.*, 10th Dist. Franklin No. 05AP-110, 2006-Ohio-2438, ¶ 52.  "[W]here an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor." *Mack v. Ravenna Men's Civic Club*, 11th Dist. Portage No. 2006-P-0044, 2007-Ohio-2431, ¶ 17.  However, even then, this duty usually arises only in the context of criminal acts by a third party.  *See Bess v. Traders World, Inc.*, 12th Dist. Warren No. CA2001-06-063, 2001 WL 1652810, *2 (Dec. 24, 2001).

{¶ 22} In this case, however, there is no evidence of any criminal acts or unruly and intoxicated behavior on behalf of the patrons at Pier 27 that evening, nor is there any evidence of similar incidents since the fire pit was installed over a decade previously.  Rather, as the record clearly indicates, Vanderbilt's injuries were caused by nothing more than an

unfortunate accident after Vanderbilt was inadvertently bumped or nudged by another patron while standing next to the fire pit. As Vanderbilt testified when asked if she was bumped intentionally:

> A: No. I think it was people just passing through the crowd. They may not have even known they bumped me. I mean when people are walking through, you're in a crowd, you might bump someone, you don't know that – it's not like they went (demonstrating) and pushed me in.
>
> Q: It felt like more an inadvertent contact?
>
> A: Yes. I don't think it was intentional.

{¶ 23} As noted previously, "[a] business may have a duty to protect its invitees from harm caused by third parties, but the business is not an insurer of its patrons' safety." *Brake v. Comfort Inn*, 11th Dist. Ashtabula No. 2002-A-0006, 2002-Ohio-7167, ¶ 15, citing *Howard v. Rogers*, 19 Ohio St.2d 42, paragraphs one and two of the syllabus (1969). This is especially true considering the open and obvious nature of the fire pit at issue here, as well as the fact that Pier 27 had a permit to operate the fire pit that was subject to annual fire inspections. In turn, as the trial court found, and with which we agree, "[i]t was an act committed by an unknown person which directly caused [Vanderbilt] to be injured. There was no exceptional duty present and, thus, no liability by Pier 27." Therefore, because we find no error in the trial court's decision granting summary judgment to Pier 27, Vanderbilt's single assignment of error is overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

- 10 -