[Cite as *Williams v. Midland Acres, Inc.*, 2017-Ohio-332.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| SHERRI WILLIAMS, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2016-06-023 |
| | : | O P I N I O N |
| - vs - | | 1/30/2017 |
| | : | |
| MIDLAND ACRES, INC., et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVC 20140198


Harris, Meyer, Heckman & Denkewalter, LLC, Darrell L. Heckman, One Monument Square, Suite 200, Urbana, Ohio 43078, for plaintiff-appellant

Smith, Rolfes & Skavdahl Company, LPA, John A. Fiocca, Jr., 41 South High Street, Suite 2300, Columbus, Ohio 43215, for defendants-appellees


**RINGLAND, J.**

{¶ 1}   Plaintiff-appellant, Sherri Williams, appeals the decision of the Madison County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Midland Acres, Inc. and Veterinarian Dr. Robert Schwartz.  For the reasons detailed below, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2}   On August 22, 2014, appellant filed a complaint alleging negligence, gross

negligence, and breach of fiduciary duty, arising out of the care of appellant's horse, Skiff's Princess ("Princess"). Dr. Schwartz and his veterinary practice, Midland Acres, were named defendants.

{¶ 3} The facts giving rise to this action are largely not in dispute. On March 7, 2014, Dr. Schwartz performed an examination on Princess to determine if she was pregnant. As part of that examination, Dr. Schwartz performed a rectal palpation, a procedure in which the performing doctor places an arm in the rectum of the horse and attempts to feel the presence of a fetus. Appellant was present during the examination. The record reflects that Dr. Schwartz initially attempted to perform the rectal palpation without sedation, but ultimately decided to use a sedative because Princess was "skittish." Thereafter, Dr. Schwartz completed the procedure and informed appellant that he did not believe Princess was pregnant.

{¶ 4} Over the next several days, Princess began exhibiting symptoms of distress and appellant informed Midland Acres. Because Dr. Schwartz was out of town, appellant attempted to contact other veterinarians, but was unsuccessful in obtaining additional veterinary treatment for Princess. Throughout this period, appellant treated Princess with antibiotics and an anti-inflammatory medication.

{¶ 5} On March 14, 2014, Dr. Schwartz returned and was able to examine Princess. During this evaluation, Dr. Schwartz drew blood and noted that Princess seemed depressed.

{¶ 6} The following day, while awaiting the results of the blood test, appellant contacted Dr. Schwartz and informed him that Princess's care had deteriorated and she was taking her to another veterinary practice. Princess was ultimately referred to the OSU Veterinary Hospital where she was diagnosed with a full thickness rectal tear. After being advised of the medical options, appellant had Princess euthanized. It was also determined that Princess was, in fact, pregnant at the time, and as a result, the fetus also died.

{¶ 7}   Appellant brought this suit asserting that Dr. Schwartz caused the rectal tear and that he was either negligent in not realizing it or neglected to inform her of the injury, and that his care fell below the standard of care for a veterinarian.  To the contrary, Dr. Schwartz and Midland argue that a partial rectal tear is a rare, but inherent risk of the rectal palpation procedure and Dr. Schwartz would have no way of knowing such an injury occurred if there was no blood present on his glove or sleeve following the examination.  Dr. Schwartz and Midland further added that blood is not always or even usually present in the case of a partial tear and Dr. Schwartz's care was within the standard of care.

{¶ 8}   Dr. Schwartz and Midland moved for summary judgment on all claims and introduced Dr. Schwartz's testimony and the expert testimony of Dr. Cynthia Jackson.  According to Dr. Jackson, rectal tears are an inherent risk associated with the rectal palpation examination and a veterinarian does not breach the standard of profession care if a rectal tear occurs.  Dr. Jackson stated, after her review, that Princess suffered from a partial rectal tear at the time of the examination on March 7, 2014.  Dr. Jackson based her opinion on Dr. Schwartz's statement that he did not observe blood on his sleeve or glove following the examination and, had a full thickness tear occurred, Princess likely would have been dead within 24 hours, rather than surviving a week.

{¶ 9}   Dr. Jackson further noted that the partial thickness tear could, over the course of a week, develop into a full tear, thus causing fecal matter to enter the abdominal cavity, resulting in sepsis.  Dr. Jackson stated that appellant should have taken Princess to another veterinarian or animal hospital immediately.  By the time Dr. Schwartz reexamined Princess on March 14, Dr. Jackson stated that there was nothing that could have been done as the sepsis was too far advanced.  As a result, Dr. Jackson concluded that Dr. Schwartz did not violate the standard of professional care.

{¶ 10}   Appellant, on the other hand, introduced the testimony of Dr. Robert Fritz who

testified that the injury was most likely a "very small full thickness tear" that developed into peritonitis and sepsis ultimately leading to Princess's death. Though Dr. Fritz acknowledged that some consider a rectal tear to be an inherent risk of rectal palpation, he also stated that evidence of mishandling is present in this case because the "particular rectal tear occurred in the dorsal aspect of the rectal-colon, and not in the ventral aspect of the rectal-colon, where one would expect to find it, as a result of a too forceful a downward or ventral pressure applied when trying to diagnose a late-term pregnancy." In addition, Dr. Fritz alleged that Dr. Schwartz either negligently failed to detect the presence of blood following the rectal examination, or purposely failed to inform appellant of the blood on the sleeve. As a result of appellant's treatment of Princess with antibiotics and anti-inflammatory drugs, Dr. Fritz also alleged that Princess could have survived until March 15, 2014, even if the injury was a full thickness rectal tear.

{¶ 11} Following review, the trial court granted summary judgment in favor of appellees finding no genuine issue of material fact. Appellant now appeals the decision of the trial court, raising two assignments of error for review.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BECAUSE IT ACCEPTED DISPUTED FACTS AS ESTABLISHED FACTS.

{¶ 14} In her first assignment of error, appellant argues the trial court erred by granting summary judgment in favor of appellees. This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the

moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 15} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 16} In order to establish negligence by a veterinarian, it must be shown that the injury complained of was caused by the doing of a particular thing that a veterinarian of ordinary skill, care and diligence would not have done under like or similar circumstances, or by the failure or omission to do some particular thing that such a veterinarian would have done under like or similar circumstances. *Turner v. Sinha*, 65 Ohio App.3d 30, 35 (12th Dist.1989); *Ullmann v. Duffus*, 10th Dist. Franklin No. 05AP-299, 2005-Ohio-6060, ¶ 14.

{¶ 17} Based on our review, we find there remains genuine issues of material fact between the parties and summary judgment was not properly granted based on the evidence contained in the record. We do not reverse on this matter lightly, as we recognize that the mere presence of an injury does not automatically impose liability. *Brown-Spurgeon v. Paul Davis Systems of Tri-State Area, Inc.*, 12th Dist. Clermont No. CA2012-09-069, 2013-Ohio-1845, ¶ 39 ("negligence is a fact necessary to be shown; it will not be presumed"). We merely find that the grant of summary judgment was premature based on the state of the record.

{¶ 18}   The dispute over whether the injury was a full or partial tear was relevant to the allegations of negligence in the present case.  While there is evidence that a partial injury is, perhaps, an inherent risk in the rectal palpation exam, we are hesitant to grant judgment as a matter of law where appellant presents a conflicting expert account averring that the injury was likely a full tear caused by Dr. Schwartz's negligence.  As previously noted, appellant's expert, Dr. Fritz, averred that the injury to Princess was most likely a "very small full thickness tear" that developed into peritonitis and sepsis ultimately leading to Princess's death.  Dr. Fritz believed that the evidence of mishandling was present in this case because the "particular rectal tear occurred in the <u>dorsal aspect</u> of the rectal-colon, and not in the <u>ventral aspect</u> of the rectal-colon, where one would expect to find it, as a result of a too forceful a downward or ventral pressure applied when trying to diagnose a late-term pregnancy."

{¶ 19}   By examining the respective affidavits of Dr. Jackson and Dr. Fritz, the record is evident that both experts rely on observations clearly in dispute and are not mere attempts to inject conclusory findings in the hopes of creating a genuine issue of material fact.  For example, Dr. Jackson indicated in her affidavit that the injury was likely a partial tear because the horse did not die for several days.  However, Dr. Fritz testimony indicated that Princess could have survived for that length of time because appellant applied veterinary provided antibiotics and anti-inflammatory medication to Princess when the horse began to present symptoms of injury.

{¶ 20}   Furthermore, as to the issue of blood on the sleeve, we find the facts presented here do not conclusively establish proof as to either side.  Here, Dr. Jackson averred that Princess's injury was a partial tear because there was no blood on Dr. Schwartz's glove.  Ostensibly, Dr. Jackson came to that conclusion based on the testimony of Dr. Schwartz, who also testified to the effect that he did not observe blood on the sleeve. While we decline to speculate, as Dr. Fritz does, that Dr. Schwartz observed, but chose to

ignore the presence of blood, we are unpersuaded that this issue should be dispositive where there is conflicting expert testimony as to negligence contained in the record.

{¶ 21} Because there are genuine issues of material fact as to the cause of the injury, we find the trial court erred in granting summary judgment on appellant's negligence claim. Appellant should have the opportunity to present her evidence and have the finder of fact determine if Dr. Schwartz was negligent in his performance of the rectal palpation. Accordingly, we sustain appellant's first assignment of error to the extent that summary judgment was inappropriate on appellant's veterinary malpractice claims based on negligence and gross negligence. However, we agree with the trial court that appellant failed to establish a fiduciary relationship and affirm the trial court's judgment on the claim alleging breach of fiduciary duty. We therefore remand this matter for consideration of appellant's negligence and gross negligence claims.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE DEFENDANTS FAILED TO ESTABLISH THE ABSENCE OF DISPUTED MATERIAL FACTS AS A MATTER OF LAW AS TO ALTERNATE THEORIES OF LIABILITY.

{¶ 24} Appellant's second assignment of error is deficiently vague. In her second assignment of error, appellant argues that the trial court erred in granting summary judgment because there were "alternate theories of liability." Here, appellant asserts:

> 1. Dr. Schwartz negligently performed the rectal palpation resulting in a rectal tear.
>
> 2. Even if the rectal palpation was done without negligence, appellees were liable for not discovering that Dr. Schwartz had caused the rectal tear or discovering and not revealing that he had punctured the horse's rectum.
>
> 3. Appellees failed to provide reasonable "cover" to enable

appellant to obtain proper veterinary care for Princess.

4. Appellees failed to obtain informed consent by failing to warn appellant of the inherent risk to the horse.

{¶ 25} With respect to appellant's first two arguments, we find that those claims related to veterinary negligence may proceed as discussed under the first assignment of error. Therefore, those claims are no longer relevant and are moot for purposes of addressing the second assignment of error.

{¶ 26} As to appellant's third and fourth arguments, regarding the failure to provide reliable replacement veterinary care and failure to provide informed consent, we find those arguments to be without merit as appellant failed to properly raise those issues below. *BAC Home Loans Servicing, LP v. Mullins*, 12th Dist. Preble No. CA2013-12-015, 2014-Ohio-4761, ¶ 33 ("it is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal and failure to raise an issue before the trial court results in waiver of that issue for appellate purposes"). Accordingly, we overrule appellant's second assignment of error.

{¶ 27} Judgment affirmed in part, reversed in part, and remanded.

PIPER, P.J., and HENDRICKSON, J., concur.