[Cite as *Lloyd v. Ernst*, 2019-Ohio-756.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| DAMON S. LLOYD, | : | |
| Appellant, | : | CASE NO. CA2018-05-058 |
| | : | O P I N I O N |
| - vs - | | 3/4/2019 |
| | : | |
| DAVID ERNST, et al., | : | |
| Appellees. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. CA2018-05-058

Damon S. Lloyd, 15802 State Route 104 North, Chillicothe, Ohio, 45601, pro se

David Ernst, Ernst & Associates, 11 S. Broadway, Suite 200, Lebanon, Ohio, 45036, pro se

**HENDRICKSON, P.J.**

{¶ 1} Plaintiff-appellant, Damon Lloyd, appeals a decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendants-appellees, David Ernst, Attorney at Law and Ernst & Associates, Attorneys at Law (collectively "Ernst"). For the reasons that follow, we affirm the decision of the trial court.

{¶ 2} Lloyd was indicted for murder with a firearm specification. In late 2006, Lloyd retained Ernst to conduct his defense. At that time, Lloyd paid Ernst a retainer fee of

$20,000. Following a bench trial, Lloyd was found guilty as charged in the indictment and was sentenced to an aggregate prison term of 18 years to life. Thereafter, in April 2007, Ernst filed a Notice of Appeal on Lloyd's behalf and a motion to withdraw as counsel. Ultimately, Ernst was not consulted for any appeal taken by Lloyd. Upon the conclusion of Ernst's representation of Lloyd, the firm mailed Lloyd an itemized final invoice.

{¶ 3} In June 2016, Lloyd sent Ernst a demand letter requesting the return of $15,000. In response, Ernst sent a letter to Lloyd detailing the "propriety of the legal defense" and provided another copy of the final invoice originally provided to Lloyd in 2007.

{¶ 4} In July 2016, Lloyd filed a complaint against Ernst alleging claims of breach of contract, fraud, legal malpractice, and unjust enrichment. Specifically, Lloyd alleged he retained Ernst in 2006 for his criminal defense due to Ernst's expertise and knowledge; however, due to the manner in which Ernst handled Lloyd's defense, he was sentenced to 18 years to life in prison. The complaint further alleged Ernst fraudulently charged Lloyd for legal services.

{¶ 5} In March 2018, Lloyd moved for summary judgment on all claims. In his motion, Lloyd argued that Ernst improperly advised him to forego a jury trial, to reject a stipulated charge of manslaughter, and advised him that he would be acquitted of all charges. Lloyd further claimed Ernst deliberately withheld evidence that the victim of the homicide had an extensive criminal record, and failed to produce the evidence at Lloyd's trial. In support, Lloyd attached an affidavit from his wife. In the affidavit, Lloyd's wife averred she had personal knowledge of the matter and that Ernst made the representations set forth in the complaint. Lloyd also attached an unauthenticated, handwritten list of case numbers from various courts allegedly pertaining to the murder victim's criminal history and an unauthenticated 2007 billing invoice from Ernst.

{¶ 6} Thereafter, Ernst filed a response to Lloyd's motion for summary judgment and also moved to dismiss Lloyd's complaint because it was time barred and failed to state a claim upon which relief could be granted. In support of their motion, Ernst attached the affidavit of David E. Ernst and a copy of the underlying criminal case docket. Because Ernst's motion was supported by evidence outside of the pleadings, the trial court converted Ernst's motion to dismiss into a motion for summary judgment. Subsequently, Lloyd filed a motion to strike Ernst's motion, arguing the pleading was "impertinent, immaterial, and scandalous." Ultimately, the trial court found that Ernst was entitled to judgment as a matter of law on each of Lloyd's claims. As a result, the trial court granted Ernst's motion for summary judgment and dismissed the complaint in its entirety. Lloyd now appeals, raising four assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN DENYING THE CLAIM FOR BREACH OF CONTRACT

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN DENYING THE CLAIM FOR FRAUD

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN DENYING THE CLAIM FOR LEGAL MALPRACTICE

{¶ 13} Assignment of Error No. 4:

{¶ 14} THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN DENYING THE CLAIM FOR UNJUST ENRICHMENT

{¶ 15} We review a trial court's ruling on a motion for summary judgment de novo. *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14

(12th Dist.). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14. Summary judgment is proper if there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Williams v. McFarland Properties, LLC*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.).

{¶ 16} The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

<u>Legal Malpractice</u>

{¶ 17} Lloyd argues that the trial court erred in finding that his legal malpractice claim was barred by the statute of limitations. Specifically, Lloyd contends the statute of limitations did not begin to run until either July 2016, when he was provided the final invoice from Ernst, or February 2018, when he discovered the murder victim's criminal record.

{¶ 18} Pursuant to R.C. 2305.11(A), an action for legal malpractice must be commenced within one year after the cause of action accrued. "[A]n action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or nonact and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular

transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), syllabus.

{¶ 19} The record reflects that the attorney-client relationship relating to Lloyd's criminal defense ended in April 2007, over nine years before Lloyd filed his complaint. At that time, Ernst filed a Notice of Appeal on Lloyd's behalf and encouraged him to seek separate counsel for any appeal, including any appeal related to a claim of ineffective assistance of counsel. April 2007 was also when Ernst provided an itemized invoice to Lloyd and his family. Furthermore, Ernst's affidavit confirmed that the invoice was accurate and that it was sent. In his affidavit, Ernst further averred that all issues relating to Lloyd's defense were fully explored, developed and presented. This included defense theories relating to the murder victim's prior criminal history and propensity for violence. Lloyd failed to present any credible evidence challenging the truthfulness or accuracy of the affidavit in response.

{¶ 20} In light of the above, it is apparent that any malpractice claim stemming from Lloyd's criminal defense accrued in April 2007. At that time, Lloyd possessed sufficient information to discover the alleged injuries related to Ernst's acts or nonacts and was on notice that he needed to pursue his potential remedies against Ernst. As such, Lloyd's 2016 claim for malpractice is barred by the applicable statute of limitations. Because Lloyd's legal malpractice claim is barred by the statute of limitations, the trial court did not err in granting summary judgment in Ernst's favor. Accordingly, this court overrules Lloyd's third assignment of error.

Breach of Contract and Unjust Enrichment

{¶ 21} Although Lloyd addresses his breach of contract and unjust enrichment claims separately, for the purposes of this appeal we will address them together. Lloyd first argues that the trial court erred in disposing of his breach of contract claim where a contract existed

between the parties and Ernst failed to fulfill his obligations pursuant to that contract. He further contends the trial court erred in dismissing his unjust enrichment claim because Ernst retained a benefit from their agreement, despite the incompetence demonstrated throughout Lloyd's criminal defense and in the firm's billing invoice. However, we find that because these claims are duplicative of Lloyd's malpractice claim, Ernst is entitled to summary judgment.

{¶ 22} It is well-settled that a client's action against his attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11(A). *Grenoble v. Rion, Rion, Rion, L.P.A., Inc.*, 12th Dist. Preble No. CA2014-07-006, 2015-Ohio-971, ¶ 23. As such, complaints sounding in malpractice subsume other, duplicative claims within the malpractice claim. *Id.* at ¶ 24; *see also Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 35. "The term 'malpractice' refers to professional misconduct, i.e., the failure of one rendering services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances." *Strock v. Pressnell*, 38 Ohio St.3d 207, 211 (1988).

{¶ 23} "A party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail [himself] of a more satisfactory statute of limitations." *Wilkerson v. O'Shea*, 12th Dist. Butler No. CA2009-03-068, 2009-Ohio-6550, ¶ 12. Malpractice by any other name or label still constitutes malpractice – it makes no difference whether the professional misconduct is predicated upon tort or contract. *Id.* at ¶ 31, citing *Muir v. Hadler Real Estate Mgmt. Co.*, 4 Ohio App. 3d 89, 90 (10th Dist.1982).

{¶ 24} Lloyd's breach of contract and unjust enrichment claims are premised upon Ernst's alleged acts or omissions committed in the representation of Lloyd. Therefore, his causes of action are solely for legal malpractice regardless of how they are labeled. Because

any legal malpractice claim is barred by the statute of limitations, reasonable minds could only conclude that Ernst is entitled to judgment as a matter of law on Lloyd's breach of contract and unjust enrichment claims as well. As such, Lloyd's first and fourth assignments of error are overruled.

### Fraud

{¶ 25} In his remaining assignment of error, Lloyd argues that the trial court erred in dismissing his claim for fraud. However, as with his breach of contract and unjust enrichment claims, Lloyd's claim for fraud clearly sounds in legal malpractice. This court has recognized that legal malpractice includes billing errors and overcharging a client for legal services. *Wilkerson* at ¶ 13. Moreover, in situations where the substance of a fraud claim involves legal malpractice, a plaintiff is required to allege that the defendants committed the actions for their own personal gain. *DiPaolo v. DeVictor*, 51 Ohio App.3d 166, 173 (10th Dist.1988); *see also Dottore* at ¶¶ 44-45. Without such an allegation, a fraud claim cannot stand as a separate claim from the legal malpractice claim. *Id.*

{¶ 26} The substance of Lloyd's claim relies upon alleged errors he identified in the final invoice he was provided. Because the basis of Lloyd's fraud claim rests in the manner in which he was represented, Lloyd is required to allege that Ernst committed the errors for personal gain. After a review of the record, there is no such allegation here, nor was any evidence presented with Lloyd's summary judgment motion to support such an allegation. As a result, Ernst's claim for fraud is simply a reconfigured claim for malpractice and is time barred. Therefore, we find that Lloyd's fraud claim is without merit, and overrule his second assignment of error.

{¶ 27} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.