[Cite as *Drew v. Weather Stop Roofing Co., L.L.C.*, 2020-Ohio-2771.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| GEORGE S. DREW, | : | |
| Appellant, | : | CASE NO. CA2019-10-082 |
| | : | O P I N I O N |
| - vs - | | 5/4/2020 |
| | : | |
| WEATHER STOP ROOFING COMPANY, | : | |
| LLC, et al., | | |
| | : | |
| Appellees. | | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018-CVH-00950

Smyth & Mullin, LLC, Robert M. Smyth, 250 East Fifth Street, Suite 1500, Cincinnati, Ohio 45202, for appellant

Bruns, Connell, Vollmar & Armstrong, T. Andrew Vollmar, 40 North Main Street, Suite 2010, Dayton, Ohio 45423, for appellees


**S. POWELL, J.**

{¶ 1} Appellant, George S. Drew, appeals the decision of the Clermont County Court of Common Pleas granting summary judgment to appellees, Weather Stop Roofing Company, LLC and its principal member, Gary Hamm, upon finding Drew lacked standing to pursue this action given his lack of a personal stake in the outcome of the case. For the reasons outlined below, we affirm.

{¶ 2} On June 21, 2018, Drew, acting in his personal capacity, filed a complaint against both Weather Stop and Hamm alleging he had contracted with Weather Stop to install a metal roof on a farmhouse located at 5912 Route 123, Morrow, Warren County, Ohio. Drew is not the owner of the property. Rather, the property is owned by New Fairview Farm, LLC, a limited liability company for which Drew is the sole member.

{¶ 3} In his complaint, Drew advanced claims against Weather Stop alleging a breach of contract, a breach of the express and implied warranties contained within the contract, and a breach of the "lifetime guarantee" set forth in the contract. Drew also sought to recover punitive damages from Weather Stop. Drew further sought to pierce Weather Stop's corporate veil and hold Hamm personally liable for the damages he incurred resulting from Hamm's alleged "fraud and other wrongful conduct" that he claims resulted from the contract.

{¶ 4} On July 19, 2018, Weather Stop and Hamm filed an answer to Drew's complaint that included a defense alleging Drew was "not the real party in interest to file suit against [them]." Approximately one year later, on August 9, 2019, Weather Stop and Hamm filed a motion for summary judgment claiming Drew lacked standing to bring the action against either of them since Drew was neither a party to the contract nor the owner of the property subject to the contract. Finding this issue dispositive to the outcome of the case, the trial court agreed and granted summary judgment to Weather Stop and Hamm on October 1, 2019.

{¶ 5} In reaching this decision, the trial court noted that Drew had transferred his ownership of the property where the farmhouse was located to New Fairview Farm, LLC on December 6, 2002. "Thus, Drew has no ownership interest in the subject real estate or any of the structures on the property." The trial court also noted that Drew had not signed the contract for Weather Stop to install the roof on the farmhouse. The contract was instead

signed by Drew's now deceased father, George R. Drew. "Thus, he is not a party to the contract and is therefore, not in privity with [Weather Stop]." Concluding, the trial court stated:

> It is axiomatic that only parties to a contract may bring an action to enforce the rights the contract may have afforded them. It is equally axiomatic that one claiming damages to real estate that one *purports* to own, must actually have an ownership interest in that property to seek redress for claimed harm. Drew is neither a party to the contract he seeks to enforce, no[r] does he have an ownership interest in the real estate and the farmhouse he claims [Weather Stop] and Hamm have damaged. Therefore, [the motion for summary judgment] is well taken on this basis.

(Emphasis sic.)

{¶ 6} Drew now appeals the trial court's decision granting summary judgment to Weather Stop and Hamm, raising the following single assignment of error for review.

{¶ 7} THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO WEATHER STOP AND GARY HAMM.

{¶ 8} In his single assignment of error, Drew argues the trial court erred by granting summary judgment to Weather Stop and Hamm upon finding he lacked standing to pursue this action given his lack of personal stake in the outcome of the case. We disagree.

{¶ 9} "Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial." *Franchas Holdings, LLC v. Dameron*, 12th Dist. Clermont No. CA2015-09-073, 2016-Ohio-878, ¶ 16, citing *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-

3345, ¶ 17 (12th Dist.). "In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party." *Assured Admin., LLC v. Young*, 12th Dist. Warren No. CA2019-04-039, 2019-Ohio-3953, ¶ 14, citing *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 10} A trial court's decision granting summary judgment is reviewed de novo. *Moody v. Pilot Travel Ctrs., LLC*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14. Summary judgment is proper "if there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party." *Lloyd v. Ernst*, 12th Dist. Warren No. CA2018-05-058, 2019-Ohio-756, ¶ 15, citing Civ.R. 56(C); and *Williams v. McFarland Properties, LLC*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.).

{¶ 11} We find no error in the trial court's decision granting summary judgment to Weather Stop and Hamm. Just as the trial court found, we note that Drew falsely claimed in his complaint that he was the owner of the property subject to the contract with Weather Stop. The record instead conclusively establishes that the property was owned by New Fairview Farm, LLC. Drew also falsely claimed in his complaint that he had contracted with Weather Stop to install a metal roof on the farmhouse. Drew, however, never signed the contract. The contract was instead signed by his now deceased father, George R. Drew.[1]

---

1. We note that while Drew claims to have "authorized" his father "to contract on *his behalf* with Weather Stop

- 4 -

Therefore, based on the record properly before this court, it is clear that Drew, a non-signatory to the contract, is not a party to the contract and is not in privity with Weather Stop.

{¶ 12} Drew is also not an intended third-party beneficiary to the contract. That designation, if there could be one in this case, would belong to the owner of the property, New Fairview Farm, LLC. *See Heintschel v. Montgomery*, 6th Dist. Lucas No. L-10-1060, 2010-Ohio-6519 ¶ 30 ("[a] third-party beneficiary is defined as one for whose benefit a promise has been made in a contract but who is not a party to the contract"). New Fairview Farm, LLC, however, is not a party to this case. It is instead Drew, acting in his personal capacity, who filed the complaint against Weather Stop and Hamm. Drew is, at best, an incidental beneficiary to the contract, "who has no enforceable rights under the contract." *Global Pac., LLC v. Kirkpatrick*, 12th Dist. Butler No. CA2016-08-163, 2017-Ohio-1332, ¶ 19, citing *Hill v. Sonitrol of Sw. Ohio, Inc.*, 36 Ohio St.3d 36 (1988).

{¶ 13} Not only is Drew not an intended third-party beneficiary to the contract, there is no evidence to support Drew's claim that New Fairview Farm, LLC ever assigned him any rights that it may have had under the contract. This is true even though Drew submitted an affidavit in opposition to Weather Stop's and Hamm's motion for summary judgment claiming he had "been assigned all rights to bring these claims on [New Fairview Farm, LLC's] behalf." *See U.S. Bank Natl. Assn. v. Bobo*, 4th Dist. Athens No. 13CA45, 2014-Ohio-4975 (a self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact). The same holds true as it relates to

for a new roof on the subject property," Drew never claims to have authorized his father to contract with Weather Stop on behalf of New Fairview Farm, LLC. (Emphasis added.). While Drew may be its only member, it is New Fairview Farm, LLC who is the owner of the property, not Drew. It is well established that a limited liability company exists as a separate legal entity from its owner. *First Merit Bank, N.A. v. Washington Square Ents.*, 8th Dist. Cuyahoga No. 88798, 2007-Ohio-3920, ¶15 ("[l]imited liability companies are entities separate and distinct from their owners).

Drew's father while he was still alive, as well as Drew's father's estate now that he has passed away. The fact that Drew may have paid Weather Stop for the work it performed under the contract does not change this outcome.

{¶ 14} Pursuant to Civ.R. 17(A), "[e]very action shall be prosecuted in the name of the real party in interest." "A real party in interest is one who receives a direct benefit or injury based on the outcome of the case." *Ebbing v. Stewart*, 12th Dist. Butler No. CA2016-05-085, 2016-Ohio-7645, ¶ 14, citing *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 387 (1994). "One who merely possesses an interest in the action itself is not a real party in interest." *Id.* "[A] real party in interest is an individual who has suffered an injury in a matter, a party lacks standing if not a real party in interest." *Mousa v. Mt. Carmel Health Sys., Inc.*, 10th Dist. Franklin No. 12AP-737, 2013-Ohio-2661, ¶ 12. "It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469 (1999). "[S]tanding depends on whether the party has a personal stake in the outcome of the controversy." *Osbourne v. Van Dyk Mortg. Corp.*, 12th Dist. Clermont No. CA2012-03-020, 2013-Ohio-332, ¶ 13.

{¶ 15} Because Drew is neither a party nor a third-party beneficiary to the contract he seeks to enforce, and because Drew does not have an ownership interest in the property subject to the contract, we agree with the trial court's decision finding Drew lacked standing to pursue this action given his lack of a personal stake in the outcome of the case. *See Discover Bank v. Brockmeier*, 12th Dist. Warren No. CA2006-07-078, 2007-Ohio-1552, ¶ 7 ("only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio"); *see also Lame v. E.G. Sys. Inc.*, 8th Dist. Cuyahoga No. 101566, 2015-Ohio-686 (appellant lacked standing to bring a tort cause of action against appellee regarding property that appellant did not own); *Adams v. Pitorak & Coenen*

*Invests., Ltd.*, 11th Dist. Geauga No. 2011-G-3019, 2012-Ohio-3015 (appellee lacked standing to bring a cause of action against appellant for loss of enjoyment of land, trespass, and nuisance regarding property that appellee did not own). Therefore, finding no error in the trial court's decision granting summary judgment to Weather Stop and Hamm, Drew's single assignment of error lacks merit and is overruled.

{¶ 16} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.