[Cite as *Asai v. Obstetrics & Gynecology Assocs., Inc.*, 2020-Ohio-4350.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| SNEHITA ASAI, et al., | : | |
| Appellants, | : | CASE NO. CA2020-02-018 |
| | : | O P I N I O N |
| - vs - | | 9/8/2020 |
| | : | |
| OBSTETRICS & GYNECOLOGY ASSOCIATES, INC., et al., | : | |
| | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2018-12-2810

F. Harrison Green, Executive Park, Suite 230, 4015 Executive Park Drive, Cincinnati, Ohio 45241, for appellants

Rendigs, Fry, Kiely & Dennis, LLP, Jeffrey M. Hines, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202, for appellees Mercy Health Fairfield Hospital, LLC and Mercy Health Cincinnati, LLC

Rendigs, Fry, Kiely & Dennis, LLP, Thomas M. Evans, C. Jessica Pratt, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202, for appellees Colleen Swayze, M.D. and Obstetrics and Gynecology Associates, Inc.

Calderhead Lockemeyer & Peschke, David C. Calderhead, Joshua F. DeBra, 5405 DuPont Circle, Suite E, Milford, Ohio 45150, for appellees Fred Kahan, M.D. and Amsol Physicians of Ohio, P.C.

**PIPER, J.**

{¶1} Appellants, Snehita Asai and her husband Harshal Baride, appeal a decision of the Butler County Court of Common Pleas granting summary judgment in favor of

Obstetrics & Gynecology Associates, Inc, Mercy Health Fairfield Hospital, LLC, Mercy Health Cincinnati, and Colleen Swayze, M.D.

{¶2} Snehita Asai was pregnant and received her prenatal care from Dr. Colleen Swayze who was employed by Obstetrics & Gynecological Associates, Inc ("OGA"). On March 2, 2016, Asai went to the Mercy Fairfield Hospital and was admitted to the labor and delivery department by Dr. Swayze. Asai's labor lasted into the next day, and Dr. Swayze performed an emergency cesarean delivery on March 3, 2016. Asai began hemorrhaging blood and Dr. Swayze performed an emergency hysterectomy the same day. Asai was taken to the intensive care unit for further care and observation.

{¶3} Also on March 3, 2016, Dr. Fred Kahan, an anesthesiologist, attempted to place an arterial line in Asai's left arm, but had difficulties finding an appropriate vein. Asai developed compartment syndrome in her arm and was returned to the operating room so that a different doctor could surgically address the compartment syndrome. Asai remained hospitalized until March 7, 2016, but was discharged and transferred care to the University of Cincinnati Hospital for treatment of her compartment syndrome and a wound on her left arm that resulted from her treatment and surgery.

{¶4} On March 10, 2016, Asai returned to the emergency department of Mercy Fairfield Hospital. Asai was diagnosed and treated for pneumonia and was released the same date. Neither Dr. Swayze/OGA, nor Dr. Kahan, were consulted or treated Asai on March 10th during her time in the emergency room.

{¶5} Asai originally initiated action on August 28, 2017 asserting malpractice claims against multiple defendants, including Dr. Swayze and her employer, OGA, Dr. Kahan and his employer, as well as Mercy Fairfield ("Appellees"). Within the complaint, Asai acknowledges March 3, 2016 as the date that her surgeries and complications occurred.

{¶6}   Asai did not properly disclose her expert witness, and Appellees filed motions for summary judgment.  Rather than address each motion, Asai voluntarily dismissed her action and refiled her claims in 2018.  Appellees once again filed motions for summary judgment in response to Asai's refiled claims.  Within these motions, Appellees alleged that Asai failed to adhere to the statute of limitations, which requires a plaintiff alleging medical malpractice to file the claim within one year or provide a letter to the defendant that such a suit will commence within 180 days.  Dr. Kahan and his employer were never served with a 180-day letter and were granted summary judgment on June 25, 2019.  Asai did not appeal that order, but did file a Civ.R. 60(B) motion for relief from judgment, which was denied by the trial court.

{¶7}   Dr. Swayze, OGA, and Mercy Fairfield filed similar motions for summary judgment, arguing that Asai failed to provide an expert witness and that the statute of limitations barred her suit.  The trial court granted the motions for summary judgment and Asai filed the current appeal, raising several assignments of error, two of which we find dispositive of her appeal.

{¶8}   Assignment of Error No. 1:

{¶9}   THE TRIAI [SIC] COURT ERRED IN GRATING SUMMARY JUDGMENT TO OGA AND DR. SWAYZE, MERCY FAIRFIELD, AND MERCY HEALTH ERRONEOUSLY APPLYING THE SOL.

{¶10}  Asai argues in her first assignment of error that the trial court erred in granting summary judgment in favor of Appellees.

{¶11}  We review a trial court's decision granting summary judgment de novo. *Moody v. Pilot Travel Ctrs., LLC*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7.  "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no

genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14.

{¶12} Summary judgment is proper "if there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party." *Drew v. Weather Stop Roofing Co., LLC*, 12th Dist. Clermont No. CA2019-10-082, 2020-Ohio-2771, ¶ 10.

{¶13} R.C. 2305.113(A) provides that a claim for medical malpractice must be brought within one year "after the cause of action accrued." R.C. 2305.113(B)(1) provides,

> if prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

{¶14} According to the Ohio Supreme Court, written notice for purposes of the 180-day letter will be deemed to have been given when received. *Edens v. Barberton Area Family Practice Ctr.*, 43 Ohio St.3d 176, 180 (1989).

{¶15} A cause of action for medical malpractice accrues either "(1) when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (2) when the physician-patient relationship terminates, whichever occurs later." *Akers v. Alonzo*, 65 Ohio St.3d 422, 424-25 (1992).

{¶16} The Ohio Supreme Court has described the discovery of the resulting injury as the cognizable event; "some noteworthy event which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." *Allenius v. Thomas*, 42 Ohio St.3d 131 (1989). "The occurrence of a cognizable event imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the

proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors."

*Flowers v. Walker*, 63 Ohio St.3d 546 (1992), paragraph one of the syllabus.

{¶17} A plaintiff need not be aware of the full extent of his or her injury to trigger the statute of limitations. *Schmitz v. NCAA*, 155 Ohio St.3d 389, 2018-Ohio-4391, ¶ 22. Instead, it is enough that the cognizable event has occurred that does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place. *Id.* If a patient believes, based on a known injury, that his or her treating medical professional has done something wrong, that belief is sufficient to alert the patient to the need to investigate and pursue a remedy. *Id.*

{¶18} As noted above, the trial court granted summary judgment in favor of Dr. Kahan and within its decision, determined that the cognizable event occurred on March 3, 2016 when Asai received the cesarean section and hysterectomy. Asai did not challenge the trial court's finding that the cognizable event was March 3, 2016 and did not appeal the trial court's decision. Moreover, she addressed in her complaint that her surgeries and labor occurred on March 3, 2016 and also in her 180-day letter acknowledged March 3, 2016 as the date of her injuries. As such, Appellees needed to receive the 180-day letter extending the statute of limitations by March 3, 2017, and the record is undisputed that they did not.

{¶19} Asai alleged she terminated her relationship with the providers on March 10, 2016 when she went to the emergency room and was diagnosed with pneumonia and that later date should be used to calculate the statute of limitations. However, Asai terminated her relationship with Dr. Swayze/OGA on March 7, 2016, the day she was discharged from the hospital and never saw the doctor again. When Asai went to the emergency room on the 10th, she did not receive care from Dr. Swayze/OGA or any doctor connected with her delivery or hysterectomy. She was diagnosed with pneumonia and sent home that day and did not receive care from the emergency room for labor-related issues.

{¶20} Thus, Asai's original acquiescence to the trial court's cognizable event determination, as well as her own usage of March 3, 2016 as the proper cognizable event date, precludes her from relitigating the relevant date in the context of the other motions for summary judgment. Thus, the trial court properly granted Appellees' motions for summary judgment based on the fact that Asai failed to timely deliver the 180-day letters. Asai's first assignment of error is, therefore, overruled.

{¶21} Assignment of Error No. 2:

{¶22} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO OGA, DR. SWAYZE, MERCY FAIRFIELD, AND MERCY HEALTH.

{¶23} In her second assignment of error, Asai argues that the trial court erred in granting summary judgment to Appellees because the hospital was vicariously liable for Dr. Kahan and Dr. Swayze's negligence.

{¶24} In order for a hospital to be held vicariously liable for the malpractice of a physician practicing therein under a theory of ostensible agency, a plaintiff must establish the following: (1) that the hospital held itself out to the public as a provider of medical services; and (2) that, absent notice or knowledge to the contrary, the patient looked to the hospital, as opposed to the individual practitioner, to provide competent medical care. *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435 (1994). A hospital granting of privileges to a doctor to use its facilities, however, is not enough. *Laderer v. St. Rita's Med. Ctr.*, 122 Ohio App.3d 587 (3d Dist.1997).

{¶25} While the hospital provided medical services, Asai cannot demonstrate that she looked to the hospital, as opposed to Dr. Swayze, for her medical care. Instead, Asai and Dr. Swayze had a pre-existing physician-patient relationship. Over the course of the prior nine months, Asai had seen Dr. Swayze on numerous occasions in the OGA private offices. Asai coordinated a plan with Dr. Swayze/OGA for her labor and delivery and sought

Dr. Swayze's care when she began to exhibit signs of labor.

{¶26} Specific to Dr. Kahan, he was granted summary judgment and had no liability determined so that the hospital cannot be liable for his actions when no liability was found. Thus, the hospital had no vicarious liability and was properly awarded summary judgment. Asai's second assignment of error is overruled.[1]

{¶27} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

---

1. Given our disposition of Asai's first two assignments of error, her third assignment, claiming the trial court erred in denying her motion for an interlocutory appeal, is rendered moot.