[Cite as *Petrey v. Davis*, 2026-Ohio-1607.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| WILLIAM D. PETREY, | : | |
| Appellant, | : | CASE NO. CA2025-11-110 |
| vs. | : | OPINION AND JUDGMENT ENTRY 5/4/2026 |
| MICHAEL J. DAVIS, ESQ., | : | |
| Appellee. | : | |
| | : | |

CIVIL APPEAL FROM MASON MUNICIPAL COURT
Case No. CVI 2500520

William D. Petrey, pro se.

Michael J. Davis, Esq., pro se.

## **O P I N I O N**

**PIPER, J.**

{¶ 1}   Appellant, William D. Petrey, appeals the decision of the Mason Municipal Court dismissing the entirety of his complaint brought against appellee, Michael J. Davis, Esq., upon finding it was barred by the one-year statute of limitations applicable to legal

malpractice claims set forth in R.C. 2305.11(A). For the reasons outlined below, we affirm the municipal court's decision.

## Facts and Procedural History

{¶ 2} On May 6, 2025, Petrey filed a small-claims complaint against Davis alleging two causes of action: breach of contract and legal malpractice. Both claims were based on Davis's alleged professional failures while serving as Petrey's attorney in a separate, unrelated matter involving a court of common pleas' decision to issue a civil stalking protection order against Petrey.[1] Specifically, for his legal malpractice claim, Petrey alleged:

> 14. Plaintiff incorporates the preceding paragraphs.[2]
>
> 15. Defendant owed Plaintiff a duty of care to perform legal services competently.
>
> 16. Defendant breached that duty by failing to file essential briefs, ultimately abandoning the appeal, and refusing to communicate further to remedy this situation.
>
> 17. As a direct and proximate result, Plaintiff suffered harm, including loss of time, appeal rights, and financial injury.
>
> 18. Attorney Michael J. Davis obstructed the plaintiff's potential for justice and to be acquitted from the false allegations and CSPO.

{¶ 3} Similarly, for his breach of contract claim, Petrey alleged:

> 18. Plaintiff and Defendant entered into a contract for legal representation.[3]
>
> 19. Defendant failed to perform according to the terms and standards of the agreement.

---

1. On appeal, this court affirmed the common pleas court's decision to grant that civil stalking protection order. *See Ehlers v. Thomas*, 2024-Ohio-2531 (12th Dist.).

2. The incorporated paragraphs set forth Petrey's statement of facts. This included Petrey alleging that Davis's representation "constituted a failure to exercise the reasonable skill, care, and diligence expected of an attorney."

3. Petrey's complaint contained two paragraphs numbered 18.

20. Plaintiff has been damaged in the amount paid and the value lost.

{¶ 4} On July 11, 2025, the case was tried before a municipal court magistrate. During that trial, the magistrate heard testimony from Petrey and Davis, both of whom appeared pro se. Approximately two weeks later, on July 24, 2025, the magistrate issued a decision recommending that the municipal court dismiss the entirety of Petrey's complaint. In so doing, the magistrate found the two causes of action set forth in Petrey's complaint were barred by the one-year statute of limitations for legal malpractice claims set forth in R.C. 2305.11(A). In reaching this decision, the magistrate determined that:

> the attorney-client relationship between [Petrey] and [Davis] terminated, and [Petrey] knew or should have known that he may have claims against [Davis], on or before July 5, 2023, when [Petrey] retained another attorney to file an appeal of the [common pleas court's] Decision and Entry filed [on] June 6, 2023[, adopting its magistrate's decision to grant the aforementioned civil stalking protection order].

{¶ 5} On August 4, 2025, Petrey filed objections to the magistrate's decision. These objections included Petrey alleging that the magistrate erred in dismissing the entirety of his complaint by focusing "solely on the one-year statute of limitations for malpractice." The municipal court issued a decision on October 1, 2025, overruling Petrey's objections. The court's decision also adopted the magistrate's decision and dismissed Petrey's complaint with prejudice. In so ruling, the municipal court noted that, based upon its own independent review of the record, it found the entirety of Petrey's complaint was "clearly" barred by the one-year statute of limitations applicable to legal malpractice claims set forth in R.C. 2305.11(A).

**Petrey's Appeal and Three Assignments of Error**

{¶ 6} On October 8, 2025, Petrey filed a motion with the municipal court requesting that it both reconsider and clarify its decision. The court issued a decision

- 3 -

denying Petrey's motion on October 22, 2025. Shortly thereafter, on October 30, 2025, Petrey filed a notice of appeal. Oral argument was held before this court on April 6, 2026, following which Petrey's appeal was submitted to this court for consideration. Petrey's appeal is now properly before this court for decision. Petrey's appeal raises three assignments of error for our review. We will address each of Petrey's three assignments of error in turn.

*Petrey's First Assignment of Error*

{¶ 7}   THE TRIAL COURT ERRED BY DISMISSING THE CONTRACT CLAIM WITHOUT ADJUDICATING IT UNDER THE CONTRACT STATUTE OF LIMITATIONS AND WITHOUT A MERITS RULING.

{¶ 8}   In his first assignment of error, Petrey contends that the municipal court erred by combining his breach of contract and legal malpractice claims. Petrey argues that the municipal court should have instead treated the two claims as separate and distinct causes of action, each with its own independent statute of limitations. We disagree.

{¶ 9}   A client's claim against his former attorney for damages arising from the attorney's representation constitutes a cause of action for legal malpractice. *Lloyd v. Ernst*, 2019-Ohio-756, ¶ 22 (12th Dist.). A complaint sounding in legal malpractice subsumes other, duplicative legal malpractice claims. *Id*. This is because, as it is now well established, "[a] party cannot transform one cause of action into another through clever pleading or an alternate theory of law in order to avail [himself] of a more satisfactory statute of limitations." *Wilkerson v. O'Shea*, 2009-Ohio-6550, ¶ 12 (12th Dist.).

{¶ 10} Petrey's breach-of-contract claim alleged that Davis "failed to perform" under the "contract for legal representation" that he and Davis had entered. This claim is analogous to a cause of action for legal malpractice. "Malpractice by any other name or

- 4 -

label still constitutes malpractice—it makes no difference whether the professional misconduct is predicated upon tort or contract." *Lloyd* at ¶ 23. Therefore, given their duplicative nature, the municipal court did not err by combining Petrey's breach of contract and legal malpractice claims. That is to say, the municipal court did not err by failing to treat Petrey's two claims as separate and distinct causes of action, each with its own independent statute of limitations. Accordingly, Petrey's first assignment of error lacks merit and is overruled.

*Petrey's Second Assignment of Error*

{¶ 11} EVEN IF CHARACTERIZED AS MALPRACTICE, THE CLAIM IS TIMELY UNDER OMNI-FOOD AND ZIMMIE, AND THE TRIAL COURT FAILED TO CONDUCT THE REQUIRED ACCRUAL ANALYSIS.

{¶ 12} In his second assignment of error, Petrey argues the municipal court erred by finding his legal malpractice claim was barred by the applicable one-year statute of limitations set forth in R.C. 2305.11(A). We again disagree.

{¶ 13} Pursuant to R.C. 2305.11(A), an action for legal malpractice brought against an attorney must be commenced within one year after the cause of action accrued. "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), syllabus, citing *Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385 (1988). Therefore, as the Ohio Supreme Court has since explained, the *Zimmie* and *Omni-Food* decisions require two factual determinations: "(1) When should the client have known that

he or she may have an injury caused by his or her attorney? and (2) When did the attorney-client relationship terminate?" *Smith v. Conley*, 2006-Ohio-2035, ¶ 4. It is the latter of these two dates that starts the running of the one-year statute of limitations for an action for legal malpractice under R.C. 2305.11(A). *Id*.

{¶ 14} The municipal court in this case found that the attorney-client relationship between Petrey and Davis terminated on or about July 5, 2023. The municipal court found that this was the same day that Petrey retained another attorney to file an appeal of the municipal court's decision to grant a civil stalking protection order against him, thereby also establishing July 5, 2023, as the date that Petrey either knew or should have known that Davis's prior representation may have caused him injury. We find no error in the municipal court's decision. That Petrey did not receive his complete client file from Davis until over a year later, on August 23, 2024, does not change this fact. This is because, even without access to his complete client file, Petrey either knew or should have known of the alleged professional failures Davis had committed when he hired a new attorney to represent him in his appeal. Therefore, finding no error in the municipal court's decision, Petrey's second assignment of error also lacks merit and is overruled.

*Petrey's Third Assignment of Error*

{¶ 15} THE FINDING THAT APPELLEE "PERFORMED AS HIRED" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 16} In his third assignment of error, Petrey argues the municipal court erred by finding Davis had "performed as hired." Petrey argues that the court's finding is against the manifest weight of the evidence. However, based on a simple review of the record, the magistrate made no such finding within its July 24, 2025 decision. That finding was also not made as part of the municipal court judge's October 1, 2025 decision overruling Petrey's objections to the magistrate's decision. It has long been recognized that "a court

- 6 -

of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." (Cleaned up.) *Johnson v. Sloan*, 2018-Ohio-2120, ¶ 32. Therefore, because neither the magistrate nor the municipal court judge made any finding as it relates to Davis's performance in his role as Petrey's attorney within their decisions, Petrey's third assignment of error likewise lacks merit and is overruled.

## Conclusion

{¶ 17} Finding no merit to any of Petrey's three assignments of error, Petrey's appeal challenging the municipal court's decision to dismiss the entirety of his complaint upon finding it was barred by the one-year statute of limitations applicable to legal malpractice claims set forth in R.C. 2305.11(A) is denied.

{¶ 18} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

# J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Mason Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Robin N. Piper, Judge*

*/s/ Mike Powell, Judge*