[Cite as *Bavis v. Deimling*, 2018-Ohio-2259.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| SUSAN BORN BAVIS, | : | |
| | | CASE NOS. CA2017-05-024 |
| Plaintiff-Appellant/Cross-Appellee, | : | CA2017-06-026 |
| | : | O P I N I O N |
| | | 6/11/2018 |
| - vs - | : | |
| | : | |
| STANLEY G. DEIMLING, et al., | : | |
| | : | |
| Defendants-Appellees/Cross-Appellants. | : | |


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015 CVH 0755


Gerner & Kearns Co., L.P.A., James J. Todd, Carey K. Steffen, 7900 Tanners Gate Lane, Florence, KY 41042, for appellant/cross-appellee

Schroder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for appellees/cross-appellants


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Susan Bavis, appeals the decision of the Clermont County Court of Common Pleas granting summary judgment in favor of multiple homeowners ("Homeowners") whose houses allegedly interfere with an easement. Two of the individual homeowners, Richard Van Pelt and Joan Van Pelt, also cross-appeal from the trial court's decision. For the reasons detailed below, we affirm.

**{¶ 2}** This case results from a disputed road easement created prior to residential development in Clermont County. The easement was granted in 1934 as an express easement appurtenant for the property now referred to as 467 Auxier Drive ("Property"). The easement was described as a "15 FOOT STRIP OF GROUND FOR ROAD PURPOSES ONLY." The "PRIVATE ROAD" extended north and east to the county road, which is now known as Mt. Carmel Tobasco Road and consisted of an unpaved gravel roadway.[1]

**{¶ 3}** In the ensuing decades, there was substantial residential development in the area. In 1989, construction commenced on Auxier Drive in conjunction with further developments to the Auxier Subdivision. Exhibits show that the Property is located south of Auxier Drive and the homes constructed along that roadway. However, the Property has direct access to Auxier through a small unpaved portion of the easement that runs between two homes on the south side of Auxier. In turn, Auxier, a paved roadway, directly intersects with Mt. Carmel Tobasco Road.

**{¶ 4}** A second public road was constructed north of Auxier and was developed into the Park Place Subdivision. Bavis claims that the easement runs north from the Property, across Auxier Drive "traveling northwards until it reaches the approximate centerline of Harrison Lane, at which point the easement makes a ninety degree turn and travels nearly due east to Mt. Carmel Tobasco Road, directly through many of the Park Place Subdivision properties subsequently constructed."

---

1. The specific language creating the easement states:

> ALSO THE USE OF A 15 FOOT STRIP OF GROUND FOR ROAD PURPOSES ONLY, SAID STRIP OF GROUND LYING WEST OF AND ADJOINING THE EAST LINE OF LOT 1 AND EXTENDING FROM THE ABOVE DESCRIBED 10 ACRE TRACT NORTH TO A PRIVATE ROAD, ALSO THE USE OF SAID PRIVATE ROAD FROM THE ABOVE DESCRIBED EASEMENT EASTWARDLY TO THE COUNTY ROAD. BEING PART OF THE SAME PROPERTY CONVEYED TO PETER MARTIN BY WRIGHT SHAW AND MARY SHAW, HIS WIFE, BY DEED RECORDED IN DEED BOOK 174, PAGE 162 OF THE DEED RECORDS OF CLERMONT COUNTY, OHIO AND DATED DECEMBER 10, 1913.

{¶ 5} In 2012, Bavis purchased the Property. Bavis testified that she was unaware of the Property's easement prior to closing. On June 12, 2015, Bavis filed this action for declaratory judgment, injunctive relief, breach of easement, trespass, and nuisance against various owners, "all of whom own real estate which is the servient estate to an easement currently held by Susan Born Bavis." Following discovery, Bavis moved for summary judgment regarding the validity of the easement. The Homeowners jointly filed their own motion for summary judgment. Following argument, the trial court granted summary judgment in favor of the Homeowners. Bavis now appeals the trial court's decision, raising a single assignment of error for review. Two individual Homeowners also cross-appeal from a separate aspect of the trial court's decision.

{¶ 6} Bavis' sole Assignment of Error:

{¶ 7} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.

{¶ 8} Cross-Assignment of Error:

{¶ 9} THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON THE ISSUED [sic] OF ABANDONMENT.

{¶ 10} In her sole assignment of error, Bavis argues the trial court erred by granting summary judgment in favor of the Homeowners. We find Bavis' argument to be without merit.

{¶ 11} This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1)

there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 12} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 13} An easement is a property interest in the land of another that allows the owner of the easement a limited use of the land in which the interest exists. *Johnson v. Keith*, 12th Dist. Clermont No. CA2012-04-032, 2013-Ohio-451, ¶ 34. "An easement has also been defined as a right that the owner of one estate, referred to as the 'dominant estate,' may exercise for his benefit in or over another's estate, referred to as the 'servient estate.'" *McCumbers v. Puckett*, 12th Dist. Fayette No. CA2008-11-038, 2009-Ohio-4465, ¶ 14, quoting *1st Natl. Bank v. Mountain Agency, L.L.C.*, 12th Dist. Clermont No. CA2008-05-056, 2009-Ohio-2202, ¶ 14.

{¶ 14} An easement may be acquired by express grant, by implication, or by prescription. *Trattar v. Rausch*, 154 Ohio St. 286, 291 (1950). Termination of an express easement not limited in duration may be accomplished in a number of ways:

> The duration of an easement may be fixed by the terms of the instrument creating it; it may be of a permanent or perpetual duration and continue in operation forever or until terminated by

acts of the parties or by operation of the law. It may also be terminated by the completion of the purpose or necessity for which the easement was created, or a change in the character or use of the property.

*Harvest Land Co-op, Inc. v. Sandlin*, 12th Dist. Butler No. CA2007-07-161, 2008-Ohio-5417, ¶ 10, quoting *Siferd v. Stambor*, 5 Ohio App.2d 79, 87 (3d Dist.1966).

{¶ 15} Bavis claims that the easement runs north from the Property across Auxier Drive, through several properties, and then makes a 90-degree turn eastwardly through the Park Place properties and through another commercial property not named in this action before reaching Mt. Carmel Tobasco Road. For purposes of summary judgment, we will presume the easement existed in accordance with Bavis' claims.

{¶ 16} The trial court found that the easement had been created to allow the owner of the Property to access the county road, now known as Mt. Carmel Tobasco Road. However, since that time, Auxier Drive was constructed, which allows the owners of the Property direct access to Mt. Carmel Tobasco Road from Auxier Drive. The remainder of the easement has since been obstructed, or closed off, by the construction of residential and commercial properties. Since a small portion of the easement is still required to access Auxier Drive, the trial court found that portion of the easement was still in effect. Thus, the trial court ruled in favor of the Homeowners, finding that their homes did not interfere with the terminated easement.

{¶ 17} Following review, we find the trial court did not err in granting summary judgment in favor of the Homeowners. This court has previously acknowledged that an express easement may be terminated by "the completion of purpose" or "a change in the character or use of the property." *1st Natl. Bank*, 2009-Ohio-2202 at ¶ 38.

{¶ 18} The undisputed evidence shows that the easement was granted in 1934 when the area was substantially undeveloped, and Auxier Drive had yet to be constructed. The

express easement stated that it is for "ROAD PURPOSES ONLY" and the conveying instrument described a 15-foot private road that allowed the Property to access Mt. Carmel Tobasco Road. Since that time, the Auxier and Park Place Subdivisions have been developed, and Auxier Drive has been constructed to allow direct access from the Property to Mt. Carmel Tobasco Road. The remainder of the easement has been closed off by the construction of homes that have existed for many years.

{¶ 19} To be clear, our resolution of this issue is based on the specific, undisputed issues of this case. During her deposition, Bavis acknowledged that the gravel road is no longer in existence. Bavis stated that she believes the easement "would be the front part of their house[s]," or extend "[c]ertainly [to] their front porches." Though Bavis did not hire a surveyor with respect to the precise location of the easement, Bavis stated that she walked a portion of the easement, noting "I've walked parts of it, but it would be walking through people's houses, I believe. I wouldn't want to walk that close to people's houses."

{¶ 20} A review of the exhibits confirms the drastic change in the surrounding area. The north/south location of the easement is now divided by a paved, public roadway and would need to continue through residential property until reaching an area just north of Park Place, which is a curb-lined cul-de-sac. The east/west portion of the easement is now populated with homes from the construction of the Park Place Subdivision. Simply, the entire character of the property has changed so dramatically that it is completely implausible to imagine that a 15-foot private roadway could exist in the present circumstances.

{¶ 21} Moreover, Bavis fails to present any evidence that the purpose of the easement would be served by granting her requested relief. Before she owned the Property, Bavis, who owns another residence nearby, recalled that she used to run on the easement. Bavis does not recall when the north/south portion of the easement "stopped being used," but notes that it would be some time after she stopped running on it "in the early '90s." Bavis

also did not recall when the gravel road was removed. There is no evidence that the described easement could be used "FOR ROAD PURPOSES ONLY," the term used in the conveyance document granting the easement.

{¶ 22} Based on the foregoing, we find the trial court did not err by granting summary judgment in favor of the Homeowners. A portion of the easement remains intact so that Bavis may access Auxier Drive, however, the remaining portion of the easement was terminated by the completion of the purpose or change in the character and use of the property. As a result, we find Bavis' sole assignment of error is without merit and hereby overruled.

{¶ 23} Finally, we note that cross-appellants have separately argued that the trial court erred by determining that the easement had not been abandoned by Bavis' predecessor in title. However, in light of our resolution of Bavis' first assignments of error, that issue is now moot as is cross-appellants' assignment of error.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.