[Cite as *Mefford v. Champion*, 2021-Ohio-2813.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| TRACEY G. MEFFORD, et al., | : | CASE NOS. CA2020-12-084 |
| | | CA2020-12-092 |
| Appellees/Cross-Appellants, | : | |
| | | O P I N I O N |
| | : | 8/16/2021 |
| - vs - | | |
| | : | |
| JAMES E. CHAMPION, et al., | : | |
| Appellants/Cross-Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CV091572

Lindhorst & Dreidame Co., LPA, and Bradley D. McPeek and Elizabeth M. Mahon, for appellees/cross-appellants.

Tate & Tate Attorneys, LLC, and Charles L. Tate, for appellants/cross-appellees.

**M. POWELL, P.J.**

{¶ 1} Appellants, James Champion and Danuta Turowska (collectively "Champions"), appeal from the decision of the Warren County Court of Common Pleas granting declaratory judgment in favor of Tracey Mefford and Charles Memoli (collectively "Meffords") in a dispute involving a driveway easement. The Meffords cross-appeal from that same decision denying their motion for sanctions against the Champions. For the

reasons detailed below, we affirm the trial court's decision.

{¶ 2} The Meffords and the Champions are next-door neighbors who share a common driveway. The driveway begins at the street and extends northward between the Meffords' and the Champions' respective residences. Some portions of the driveway are on the Meffords' property, whereas other portions of the driveway are on the Champions' property. Both the Meffords' and the Champions' properties have detached garages, which the parties access via the shared driveway.

{¶ 3} In February 2018, the Champions removed a tree that was located behind their garage and installed a concrete parking pad. To access the parking pad, the Champions enter the shared driveway and travel north past their garage. The Meffords allege that this requires the Champions to drive beyond the driveway easement and onto their property, resulting in a trespass.

{¶ 4} When the Meffords objected, the Champions claimed that a 1918 deed established a right-of-way over the entire driveway extending to their newly constructed parking pad. The Meffords assert that the easement does not include the entire driveway based upon a 1997 "Perpetual Easement and Maintenance Agreement" ("1997 Easement Agreement"), executed by the predecessors in interest for the parties' respective properties.

{¶ 5} On October 12, 2018, the Meffords filed this action against the Champions seeking declaratory judgment regarding the parties' rights and responsibilities concerning the driveway easement and trespassing damages. The Champions answered the complaint and filed a counterclaim seeking to quiet title. The Champions also sought a declaratory judgment requesting the trial court find they have a vested property right to use the easement to travel to their parking pad. Both parties ultimately moved for summary judgment on their respective claims.

{¶ 6} On April 1, 2020, the trial court rendered summary judgment in favor of the Meffords and denied the Champions' motion for summary judgment. In so doing, the trial court rejected claims by the Champions concerning the 1918 right-of-way. The trial court instead found the 1997 Easement Agreement was the controlling document. Specifically, the trial court found:

> Upon review, the Court finds the [1997] Easement Agreement is the binding document regarding the two parcels in this case. The Agreement was created by two former owners of the Mefford and Champion properties who owned * * * the properties at the time the Agreement was signed and recorded. The Agreement specifically grants an easement of ingress and egress from the Mefford's [sic] property to the Champion's [sic] property and vice versa. Attached to the Agreement and referenced therein as "Exhibit C" is a map depicting the "strip of land" that the homeowners identified as the easement. Exhibit C does not show the easement running over the entire property line of the two parcels but, rather, running from the roadway to the detached garages on the property and well before the now-existing Parking Pad. The language of the Agreement is clear and unambiguous in its terms and in the depictions of the easement's start and end.
>
> As the 1997 Easement Agreement shows the easement ending well before the Champion's [sic] Parking Pad, the Court find the Champions have violated the express terms of the Agreement by trespassing upon the Mefford's [sic] property. * * *

The trial court enjoined the Champions from accessing their newly constructed parking pad through the Meffords' property. The Meffords then sought sanctions against the Champions alleging they had engaged in frivolous conduct.

{¶ 7} The Champions appealed the trial court's decision, which this court dismissed for lack of a final appealable order upon finding the trial court had not yet resolved the issue of damages. *Mefford v. Champion*, 12th Dist. Warren No. CA2020-04-028 (June 18, 2020) (Entry Granting Motion to Dismiss). Following this court's dismissal, the trial court considered the issue of damages and awarded the Meffords trespassing damages of

$25,000 and an additional $2,500 for damage the Champions caused to the Meffords' yard. The trial court denied the Meffords' request for punitive damages and sanctions against the Champions.

{¶ 8} The Champions now appeal, raising four assignments of error. The Meffords cross-appeal, raising one assignment of error. For ease of discussion, and because they are interrelated, we will address the Champions' first three assignments of error together.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS BY NULLIFYING THEIR EXPRESS, VESTED, APPURTENANT EASEMENT IN USE OF THE SHARED DRIVEWAY.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS BY AWARDING SUMMARY JUDGMENT TO PLAINTIFF[S]-APPELLEES WHEN THERE WERE MATERIAL FACTS IN DISPUTE.

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS BY RELYING UPON A LEGALLY INVALID AND AMBIGUOUS SKETCH TO REFORM THE PARTIES' EASEMENTS AND USE OF A SHARED DRIVEWAY.

{¶ 15} In their first three assignments of error, the Champions allege the trial court erred by granting summary judgment in favor of the Meffords. To support this claim, the Champions argue that the trial court nullified the 1918 right-of-way and relied on the 1997 Easement Agreement. The Champions also argue the trial court erred by granting summary judgment to the Meffords because there were genuine issues of material fact that preclude summary judgment. We find the Champions' arguments are without merit.

{¶ 16} This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998).

{¶ 17} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id*. In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 18} An easement is a property interest in the land of another that allows the owner of the easement a limited use of the land in which the interest exists. *Bavis v. Deimling*, 12th Dist. Clermont Nos. CA2017-05-024 and CA2017-06-026, 2018-Ohio-2259, ¶ 13. "An easement has also been defined as a right that the owner of one estate, referred to as the 'dominant estate,' may exercise for his benefit in or over another's estate, referred to as the 'servient estate.'" *McCumbers v. Puckett*, 12th Dist. Fayette No. CA2008-11-038, 2009-Ohio-4465, ¶ 14, quoting *1st Natl. Bank v. Mountain Agency, L.L.C.*, 12th Dist. Clermont

No. CA2008-05-056, 2009-Ohio-2202, ¶ 14.  The burden of proving an easement is on the party claiming the easement.  *Gateway Park, L.L.C. v. Ferrous Realty*, Ltd., 8th Dist. Cuyahoga No. 91082, 2008-Ohio-6161, ¶ 27.

{¶ 19}  When an easement exists by an express grant, the extent and limitations upon the dominant estate's use of the land depend upon the language in the grant.  *Esteph v. Grumm*, 4th Dist. Hocking No. 07CA6, 2008-Ohio-1121, ¶ 10, citing *Alban v. R.K. Co.*, 15 Ohio St.2d 229, 232 (1968).  "When the language granting an easement is clear and the delineation of the easement is unambiguous, we presume that the deed expresses the intent of the parties, and we need not go beyond that language in determining the scope of the easement."  *Id.*, citing *Shifrin v. Forest City Ent., Inc.*, 64 Ohio St.3d 635, 638 (1992) ("courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement").  *See also Johnson v. Keith*, 12th Dist. Clermont No. CA2012-04-032, 2013-Ohio-451, ¶ 35 ("A written easement that contains an express grant will be interpreted based upon the language contained in that grant.").

{¶ 20}  The record reflects that there are two potential controlling documents – the 1918 right-of-way and the 1997 Easement Agreement.  The 1918 right-of-way was created by George Rebold, a prior owner of the land now comprising the Mefford and Champion properties. After Rebold subdivided the land, he conveyed the eastern property, i.e., the Champions' property, including a right of ingress and egress.  The only description of the easement is set forth in the deed from Rebold to the purchaser of the eastern property, which states:

> There is herewith granted a right of way over that part of the driveway lying along the West line of above described lot, which lies on the lot retained by Geo Rebold and his successors, a right of way over that part of said driveway which lies on the above described.

{¶ 21} Since the 1918 right-of-way does not contain a termination date, the Champions argue that it is the binding document at issue in the present case. The Champions further claim that, because the 1918 right-of-way does not specify otherwise, the "driveway" must run the length of the two parcels, including where the parking pad now exists.

{¶ 22} The Meffords argue that the 1997 Easement Agreement, not the 1918 right-of-way, controls the parties' respective rights and responsibilities. The Meffords presented evidence that the prior homeowners, recognizing ambiguity in the 1918 right-of-way, entered into an agreement to clarify their respective rights and obligations regarding their shared drive. To that end, the 1997 Easement Agreement conveyed two express easements of ingress and egress: one burdens the Champions' property while the other burdens the Meffords' property. The agreement is signed by the prior owners and states, in pertinent part:

> Whereas, there is a strip of land the property described in Exhibit "C" which is part of the property described in Exhibit "A" and part of the property described in Exhibit "B."
>
> For valuable and mutual agreements the undersigned REINHARD does hereby bargain, grant and convey to FREEMAN, their heirs and assigns, an easement for ingress and egress, and the use, construction and maintenance of a driveway across the property described in Exhibit "C" that is part of the property described in Exhibit "A."
>
> For valuable and mutual agreements the undersigned FREEMAN does hereby bargain, grant and convey to REINHARD, their heirs and assigns, an easement for ingress and egress, and the use, construction and maintenance of a driveway across the property described in Exhibit "C" that is part of the property described in Exhibit "B."

Exhibit C depicts the easement as a series of diagonal lines beginning at the roadway with a definitive endpoint.

{¶ 23} The trial court found that the 1997 Easement Agreement was the controlling document. Therefore, according to the trial court, since the 1997 Easement Agreement shows the easement ending well before the Champions' parking pad, the Champions were in violation of the express terms of the 1997 Easement Agreement and were trespassing on the Meffords' property. Following review, we agree with the trial court.

{¶ 24} The 1918 right-of-way refers to an existing driveway and grants a right of ingress and egress over a part of that driveway. However, there is no evidence as to the extent of that existing driveway or that it extended past the Champions garage to the parking pad – an area that, as noted above, once contained a large tree. The Champions concede that there is no way of knowing if "the driveway" that existed in 1918 is the same gravel driveway that exists today. *See, e.g., Skaggs v. Miller*, 4th Dist. Scioto No. 95CA2381, 1996 Ohio App. LEXIS 1988, at *11-12 (May 17, 1996) (affirming the denial of relief to the proponent of an easement because competent, credible evidence supported the trial court's finding that the exact location of the easement cannot be accurately determined). The 1997 Easement Agreement was signed by the prior homeowners, burdening both of their properties with rights to ingress and egress. Exhibit C, which was attached to the 1997 Easement Agreement and recorded, clearly depicts the easement extending north from the roadway, but ending shortly after passing the Mefford residence – an area well-short of the now-present parking pad.[1]

{¶ 25} Contrary to the Champions' claim that the trial court effectively nullified 1918 right-of-way, it merely recognized that the 1997 Easement Agreement is the only instrument identifying the parameters of the driveway easement with any precision. The 1997

---

1. The document was recorded at book 1398 page 150 in the Warren County Recorder's Office.

Easement Agreement, which the Champions claim is invalid for a variety of reasons, does not exhibit any defect in the chain of title, nor in the validity of the document or the transaction itself.[2]   Nor do we find the 1997 Easement Agreement lacked consideration. Despite the absence of money, the parties' mutual promises burdening their lands with the easement and maintenance responsibilities was sufficient.  *Williams v. Ormsby*, 131 Ohio St.3d 427, 2012-Ohio-690, ¶ 16 (consideration may consist of either a detriment to the promisee or a benefit to the promisor).

{¶ 26} The Champions also complain of various deficiencies with Exhibit C, which, as noted above, depicts the easement as a series of diagonal lines beginning at the roadway with a definitive endpoint.  This endpoint is well short of the now-existing parking pad.  Therefore, despite the Champions' claims otherwise, the trial court appropriately found that the Champions were trespassing on the Mefford property when making their way to the parking pad.  Any claim by the Champions that the easement is coextensive with the entire driveway is belied by the record.  That is to say, the summary judgment evidence presented below makes clear that there is no genuine issue of material fact that the easement ends well before the parking pad begins.[3]   Therefore, for the reasons outlined above, we find the Champions' first, second, and third assignments of error are without merit and they are hereby overruled.

{¶ 27} Assignment of Error No. 4:

{¶ 28} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY

---

2.   The record reflects that the Reinhards (predecessor of the Mefford property) and the Freemans (predecessor of the Champion property) executed the document.

3.   The Champions also briefly mention that the trial court "erroneously stated" that they had an alternative means of accessing the parking pad.  However, whether the Champions have an alternative path to access the parking pad is irrelevant to the outcome of this case.  The Champions chose to construct the parking pad, thus creating their own hardship.

AWARDING DAMAGES TO APPELLEES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 29} In their fourth assignment of error, the Champions argue the trial court's award of damages is not supported by the manifest weight of the evidence.

{¶ 30} A reviewing court may not reverse a damage award unless it is against the manifest weight of the evidence. *Classic Healthcare Sys. L.L.C. v. Miracle*, 12th Dist. Warren No. CA2018-10-123, 2019-Ohio-2676, ¶ 13. A judgment will not be reversed as being against the manifest weight of the evidence if it is supported by competent, credible evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280 (1978).

{¶ 31} In the present case, the trial court conducted an evidentiary hearing on damages. During this hearing, Tracey Mefford testified that the Champions trespassed on the property multiple times per day. Because of the location of her sitting room, Tracey could not avoid witnessing the repeated trespasses. Tracey explained that the repeated incursion on the property caused her serious aggravation and anxiety. Tracey also testified about damage that the Champions' vehicle caused while driving past the easement to the parking pad. Despite attempts to resolve the disagreement amicably, the Champions continually trespassed over the Meffords' property for approximately 18 months.

{¶ 32} Following this hearing, the trial court awarded the Meffords $25,000 for trespass plus $2,500 for damages to their property for a total damage award of $27,500. After a thorough review of the record, find the trial court's damage award was supported by the evidence. Tracey presented competent and credible evidence concerning the frequent, repeated incursion on the property and the resulting impact those trespasses had on her. *Accettola v. Big Sky Energy*, 11th Dist. Ashtabula No. 2017-A-0055, 2018-Ohio-5076, ¶ 38 (damages for inconvenience, aggravation, and frustration are appropriate in a trespass

- 10 -

action). Despite attempts to amicably resolve the situation, the Champions continued to trespass on the Meffords' property, compounding the damages.

{¶ 33} The Champions argue for the first time on appeal that the Meffords did not plead non-economic damages. However, we are aware of no such pleading requirement. Moreover, it is well-settled that a party may not raise for the first time on appeal any issue or error that the party could have called to the trial court's attention at a time when the trial court could have ruled on the issue, or corrected the error, or avoided the error altogether. *Whitson v. One Stop Rental Tool & Party*, 12th Dist. Preble No. CA2016-03-004, 2017-Ohio-418, ¶ 17. The Champions also raise an affirmative defense that they believed they were authorized to be on the Meffords' property. However, the Champions' argument regarding authorization was an affirmative defense to the underlying trespass claim. By finding that the Champions violated the bounds of the easement, the trial court rejected their authorization defense and concluded that the Champions were, in fact, trespassing on the Meffords' property. At the same time, the trial court concluded that the Champions did not act with malice as to justify an award of punitive damages or attorney fees. The trial court described their conduct as a "spirit of ignorance." There was competent and credible evidence to support this award and, therefore, for the reasons outlined above, the Champions' fourth assignment of error lacks merit and is overruled.

{¶ 34} Cross-Assignment of Error:

{¶ 35} THE TRIAL COURT ERRED IN OVERRULING CROSS-APPELLANTS' R.C. §2323.51 MOTION FOR SANCTIONS

{¶ 36} In their cross-assignment of error, the Meffords argue the trial court erred by denying their motion for sanctions against the Champions in which they alleged the Champions engaged in frivolous conduct.

- 11 -

{¶ 37} R.C. 2323.51(B)(1) provides that a court may award costs, reasonable attorney fees, and other reasonable expenses incurred in connection with a civil action to a party adversely affected by frivolous conduct.  As relevant here, "frivolous conduct" includes conduct that satisfies the following:

> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a)(iii)-(iv).

{¶ 38} Review of a trial court's decision regarding frivolous conduct involves mixed questions of law and fact.  *In re A.D.B.*, 12th Dist. Butler No. CA2015-10-180, 2016-Ohio-7186, ¶ 35.  The trial court's factual determinations are accorded a degree of deference and will not be disturbed on appeal if there is competent, credible evidence in the record to support them.  *Judd v. Meszaroz*, 10th Dist. Franklin No. 10AP-1189, 2011-Ohio-4983, ¶ 18.  "However, we review legal questions de novo, such as whether a party's conduct satisfies the statutory definition of frivolous conduct."  *In re A.D.B.* at ¶ 35.  "When an inquiry is purely a question of law, an appellate court need not defer to the judgment of the trial court."  *Slye v. London Police Dept.*, 12th Dist. Madison No. CA2009-12-027, 2010-Ohio-2824, ¶ 25

{¶ 39} To support their cross-appeal, the Meffords claim the Champions engaged in frivolous conduct because they relied upon the 1918 right-of-way even though they failed to present any evidence as to where the "driveway" was situated and ignored the unambiguous language of the 1997 Easement Agreement.  Given this argument, the trial court refused to impose sanctions against the Champions under R.C. 2323.51 and instead

- 12 -

found:

> With regard to this case, while Defendants' arguments were frustrating and ultimately unsuccessful, the Court cannot say the arguments were merely to harass, were not warranted under existing law, or had no evidentiary support. Defendants raised valid arguments regarding the 1918 right-of-way that they claimed was more applicable to this case than the 1997 easement. Defendants also presented valid arguments that the 1997 easement was invalid. The Court found these arguments lacked merit, but it cannot say they amounted to egregious, overzealous, unjustifiable, frivolous action. Accordingly, Plaintiffs' motion for damages pursuant to R.C. 2323.51 is denied.

{¶ 40} We agree with the trial court that sanctions in this matter are not warranted. Though they were unsuccessful, the Champions provided some evidentiary support for their allegations and factual contentions as to the validity of the 1918 right-of-way. *See, e.g., Carasalina, L.L.C. v. Bennett*, 10th Dist. Franklin No. 14AP-74, 2014-Ohio-5665, ¶ 36 (a party only needs minimal evidentiary support for its allegations or factual contentions in order to avoid a frivolous conduct finding). Therefore, contrary to the Meffords' claim, the trial court did not abuse its discretion in determining that the Champions' reliance on the 1918 right-of-way did not constitute frivolous conduct. Accordingly, for the reasons outlined above, the Meffords' cross-assignment of error lacks merit and is overruled.

{¶ 41} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.

- 13 -